## SMOOT *vs.* HART.

[GARNISHMENT ON JUDGMENT.]

1. *Garnishment lies not against marshal of municipal corporation.*—A judgment creditor of a municipal corporation, having obtained a return of " no prop. erty" on an execution, may, (Code, § 2472,) by process of garnishment against the marshal, reach and subject the funds of the corporation in his hands, arising from taxes, fines and forfeitures.

2. *Affidavit for garnishment.*—When a garnishment is sued out under section 2472 of the Code, if the affidavit corresponds with the requirements of that prescribed by section 2471, it is sufficient.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. E. W. PETTUS.

THE appellant in this case, having obtained a judgment against the mayor and aldermen of the city of Wetumpka, on the 16th October, 1854, afterwards sued out a garnishment against Joseph B. Hart, as the debtor of said corporation ; making oath, before the clerk of the circuit court of the county, " that said Joseph B. Hart is supposed to be indebted to, or have in his possession, or under his control, effects belonging to said defendant ; and that said affiant believes that process of garnishment against said Hart is necessary to obtain satisfaction of said judgment." The garnishee answered, " that he had in his hands, as marshal of the city of Wetumpka, at the time of the service of this garnishment, and has collected since that time from the taxes and fines due said city, the sum of six hundred and thirty-eight 80-100 dollars; that all of said money was collected by him, as marshal of said city, under the ordinance for the collection of taxes and the imposition of fines and forfeitures; that he is not indebted in any other way, as marshal, either by contract or otherwise; and that he has under his control no property, real or personal, belonging to said city." On this answer, the garnishee moved to be discharged, and the plaintiff moved for judgment against him. On the hearing of these mo-

tions, "it was admitted that the money received by the garnishee was collected by him, as marshal of the city, under by-laws passed in accordance with powers conferred by the charter upon the mayor and aldermen of said city, and was in his hands as marshal; and that the charter of said city might be referred to by either party, both in the circuit and in the supreme court, as if fully set out in this bill of exceptions." The court granted the motion of the garnishee, and discharged him, rendering a judgment for costs against the plaintiff; and this ruling of the court, to which the plaintiff excepted, is now assigned as error.

N. S. GRAHAM, and PARSONS & J. WHITE, for appellant. JOHN T. MORGAN, contra.

WALKER, J.—The sole question of this case is, whether the judgment creditor of the municipal corporation, having obtained a return of nulla bona on his execution, can by garnishment reach its funds, in the hands of its marshal, produced by taxation and the imposition of fines and forfeitures.

Section 2472 of the Code is in the following words: "A judgment creditor of an existing corporation, whose execution has been returned 'no property found,' his agent or attorney, upon making affidavit before the clerk that a certain person supposed to be indebted to the corporation, as stockholder or otherwise, is entitled to the process of garnishment, returnable forthwith if in term time, or to the next term if in vacation; and such proceedings must thereupon be had, as in cases of original attachments." This statute certainly authorizes the issuance of a garnishment against the debtor of a corporation.

In the Central Plank-Road Co. v. Sammons & Doty, 25 Ala. 380, the keeper of a toll-gate was held, as to funds received for toll, a debtor of the corporation by which he was employed, even before a demand had been made by the corporation. That decision is correct. The relation of debtor and creditor exists between the agent who receives the money of his principal, and the principal,

when the money is received; but the time of payment is fixed by the demand. The agent is not bound to pay until the demand is made, and, consequently, the right of suit by the principal is dependent upon the demand. An analogy is afforded by a promissory note, payable upon demand. The maker of such a note is, from its date, the debtor of the payee; but the time of payment and right of suit are postponed until the demand is made. In the case above referred to, it was decided, upon satisfactory reasoning, that the demand by the principal of the agent is not an indispensable pre-requisite to the institution of the garnishment proceeding. No costs are imposed, and no loss sustained, by the agent, in consequence of the allowance of a garnishment proceeding without a demand. It would be otherwise, if the principal could sue his agent without affording him an opportunity to pay.

The marshal, who collected the money of the corporation in this case, became its debtor by the reception of the money; and, after demand made, an action of *indebitatus assumpsit* might have been maintained against him. May not a creditor of the corporation, upon the principle of the case of the Central Plank-Road Co. v. Sammons & Doty, prosecute the proceeding by garnishment against him? This question must certainly be answered in the affirmative, unless the fact that the marshal is an officer of a public corporation, clothed with governmental power, or the nature of his office, shall create a distinction.

The mere fact that the marshal is a public officer can authorize no exemption of him from liability to garnishment; for section 2521 expressly directs, that "money in the hands of an attorney-at-law, sheriff, or other officer, may be attached." The principle of public policy, upon which sheriffs were excepted from the operation of the garnishment law before the adoption of the Code, is not available in this case. The reason for that exception was, that money collected under execution by the sheriff was in the custody of the law, and that a garnishment could not relieve a sheriff from his official obligation to bring the money into court to abide its judgment as to the

appropriation of the money.—Zurcher v. Magee, 2 Ala. 253. The money here is collected by the marshal, under the authority of the municipal corporation, and the single duty devolves upon him of paying it over after its collection; and for that reason, the principle adopted in Zurcher v. Magee has no application in this case, if it can have in any case since the adoption of the Code.

The decision in Mayor, &c. v. Rowland, 26 Ala. 498, that a municipal corporation cannot by garnishment be made to pay to the creditor of one of its officers the accruing salary of such officer, does not control the question now before us. That decision is placed upon the ground, that a municipal corporation could not be sworn, and could not, "in the nature of things, personally appear in court;" that the officers of the corporation might be prevented from discharging their duties to the public, by the requisition that they should answer garnishments in the different courts throughout the State; and that a municipal corporation might be deprived of the services of a desired officer, if his salary could in advance be taken by garnishment. The second of the grounds upon which that decision is based, is the only one which has any application in this case. But that is not set down as a sufficient reason for the exemption of a corporation from garnishment, but as a cumulative argument in support of the conclusion attained by the court. While we admit, that the liability of the officer of the corporation to be summoned as a garnishee might, to some extent, interfere with the constant attention to his official duties, we are not willing to allow it as a sufficient reason for his exemption. The same principle would require us to relieve every man, charged with official duties, from liability to garnishment, even in his individual capacity, because peradventure it might, to some extent, interfere with his public duties. The legislature have clearly disregarded such policy, in subjecting to garnishment any "sheriff or other officer."

It is contended, that the marshal of the city of Wetumpka is the mere custodian of the funds of the city; that he is the depositary or keeper, *virtute officio*, of its

funds; that the money in his hands is really in the possession of the corporation; that he stands in the relation of a treasurer of a society, or a bank-officer. We do not decide, whether the money in his hands could be attached, if he stood in the supposed relation to the corporation and to the money. The decision cited by the counsel for the appellee, (Neuer v. Fallon, 18 Missouri, 277,) decides, that in such a case the money could not be reached by garnishment. It was admitted in the court below, as shown by the judgment entry, that the money was received and held by the garnishee as the city marshal. The charter of the city of Wetumpka (Pamphlet Acts of '38 and '39, page 44) does not constitute the marshal a treasurer, or make him the custodian of the funds of the city. On the contrary, it expressly authorizes the appointment of a treasurer. The garnishment is, therefore, not against one keeping the funds as a treasurer of the corporation, but against an officer who has collected them for the corporation, and who holds them subject to its demand or order; and he does not fall within the principle invoked by the counsel, but rather within the principle settled in the Central Plank-Road Co. v. Sammons & Doty.

We cannot yield our assent to the argument, that the money due to a municipal corporation shall be exempt from attachment, because it is charged with the discharge of public duties, and collects and holds its money as the means of accomplishing them. The argument would, if the principle asserted in it were carried out, lead to the allowance of a perfect immunity to the corporation from the compulsory payment of any debts. If process should be levied upon the property of a municipal corporation, it might as well be said that the property should not be sold, because it was a means of accomplishing the public duties of the corporation, as that its money should be exempt from attachment. It is true the power of taxation by the city of Wetumpka is restricted; but there is no prohibition, express or implied, to the appropriation of money, raised by taxation, or fines and forfeitures, to the payment of debts. We cannot distinguish against the obligation to pay the debt of the plaintiff, when compared with any

public duty in the performance of which the money of the city could be used.

In Tarver v. The Commissioners' Court, 17 Ala. 527, it was decided, that a *mandamus* was the proper remedy to compel the commissioners' court to levy a tax authorized for the payment of a particular debt. Here the question is, not whether *mandamus* is the remedy to compel the city of Wetumpka to levy a tax for the purpose of raising money with which to pay off a debt, but whether money already in hand can be reached by garnishment. We cannot, therefore, perceive that the case of Tarver v. The Commissioners' Court is an authority for the position taken for the appellee, that the appellant's only remedy was by *mandamus*.

We find no satisfactory reason for exempting the defendant in this case from the operation of the garnishment law; and we decide, therefore, that the court erred in not rendering judgment against the garnishee upon his answer.

[2.] We entertain no doubt of the sufficiency of the affidavit in this case.—Code, §§ 2471, 2472.

The judgment of the court below is reversed, and the cause remanded.

RICE, C. J., not sitting.