CITY COUNCIL OF MONTGOMERY *vs.* VAN DORN.

[GARNISHMENT ON JUDGMENT.]

1. *Liability of municipal corporation to garnishment.*—Under the provisions of the act approved February 22, 1866, (Revised Code, § 2895,) process of garnishment lies against a municipal corporation, to subject the wages or salary of a policeman to the satisfaction of a judgment obtained against him.
2. *Answer of such corporation.*—Under the provisions of this statute, the answer of the corporation is not required to be under its corporate seal, but may be made by the treasurer, upon whom the garnishment is served.

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

THE facts of this case are thus stated in the bill of exceptions: "The plaintiff regularly obtained a judgment, before a justice of the peace, against J. D. Kirby, for fifty-one dollars and fifty cents, and, before the issue of any execution on said judgment, sued out process of garnishment, in due form, and in strict accordance with law, against the city council of Montgomery; which garnishment was regularly served on the treasurer of the city of Montgomery. Said city council duly appeared, by its treasurer, before the justice, and objected to making answer in the case, on the ground that said city could not be garnisheed in such a case; and on the further ground, that said Kirby was one of the police guard of the city, and that his wages could not, for reasons of public policy, be thus attached in such a case. The justice overruled these objections on the part of the city, and ordered the garnishee to answer. Said city council, by its treasurer, then requested of the justice time to ascertain the precise indebtedness of said city to said Kirby, as no warrant had been drawn on him, through the clerk, for the wages of said Kirby. Afterwards, said treasurer appeared, and answered, (but not under the proper corporate seal of said city council,) that said city council was indebted to said Kirby in the

33

sum of eighty dollars, for his monthly wages as a police guard of said city, but not otherwise, and had no effects of said Kirby in his possession, or under its control. The justice thereupon rendered judgment against said city council, for the amount of said original judgment and costs; and from this judgment said garnishee appealed to said city court, and there insisted on its exemption from said garnishment process on the facts above stated. Whereupon, the court decided, that said city council, on the facts stated, was subject to the process of garnishment, and that the salary of a police guard of said city might be subjected, by process of garnishment against said city council, to the payment of a judgment recovered against such policeman; and accordingly rendered judgment," &c. The plaintiff's original judgment before the justice of the peace was rendered on the 29th December, 1866; the garnishment was sued out on the 31st December, 1866; and the judgment of the city court, on the appeal, was rendered on the 20th March, 1867. An exception was reserved, on the part of the said city council, to the decision and judgment of the city court, and the same is now assigned as error.

V. S. MURPHEY, for appellant.—1. Process of garnishment does not lie against a municipal corporation, to subject the salary of one of its police officers.—*Mayor and Aldermen of Mobile v. Rowland & Co.*, 26 Ala. 498. The act of February 22, 1866, while authorizing writs of garnishment, does not mention policemen, and does not change the manner in which garnishees shall answer. It is contrary to public policy.—*Wicks v. Br. Bank at Mobile*, 12 Ala. 594; *Hawthorn v. St. Louis*, 11 Mo. 59; 2 Mass. 37.

2. A corporation can only answer process of garnishment under its corporate seal.—*P. & M. Bank of Mobile v. Leavens*, 4 Ala. 753; *Br. Bank at Mobile v. Poe,* 1 Ala. 796; 12 Grattan, 655.

CUNNINGHAM & GRAVES, *contra.*—The act approved Feb. 22, 1866, was obviously intended to change the rule of law which had been established by the previous decisions of this court. It is general in its terms, and makes no excep-

tion in favor of any particular class of debts or debtors. Questions of public policy and expediency are matters for the determination of the general assembly, and can only be decided by the courts from constitutional and statutory provisions.—*Atwood's Heirs v. Beck*, 21 Ala. 590; *Tannis v. Doe, d. St. Cyre*, 21 Ala. 449. Similar statutes have been construed, in other States, to extend the remedy.—*Whidden v. Drake*, 5 N. H. 13; *Bray v. Wallingford;* 20 Conn. 416; *Wales v. Muscatine*, 4 Iowa, 302.

A. J. WALKER, C. J.—The question of this case is, whether the wages of a "police guard" of an incorporated city can be condemned in the hands of the municipal corporation, by garnishment, to the payment of a judgment against such guard. This question was presented in the case of *The Mayor of Mobile v. Rowland & Co.*, (26 Ala. 498,) and was decided in the negative. The decision was based upon two independent and distinct reasons. Those two reasons were—that the statutes of garnishment could not be applied to corporations, which, from their impersonal, artificial character, could not be sworn; and that, upon a principle of public policy, the wages of an officer of a municipal corporation, exercising governmental authority, could not be taken by garnishment. This decision was commented upon in *Smoot v. Hart*, (33 Ala. 69,) and one of the grounds, upon which the above stated principle of public policy was placed, was repudiated. This ground was, that the liability to garnishment of the officers of a municipal corporation would prevent the discharge of their duties to the public. The decision itself, in the case of *The Mayor v. Rowland*, as to both the reasons upon which it was put, was left unaffected. It was restricted only in the scope of its argument in support of the second reason. The law, as established by these decisions, was, that no corporation, private or municipal, could be garnisheed, because it could not appear and make the affidavit contemplated; and secondly, that a municipal corporation could not be garnisheed, as a debtor for the wages of one of its officers, for the reason already given, and for the additional

reason, that a principle of public policy would thereby be violated.

The law thus remained, until the act of 9th January, 1856, (Revised Code, § 2897,) was adopted. That act made private corporations amenable to process of garnishment, and provided a mode of making the required affidavit. Afterwards, the case of *Clark & Saunders v. School Commissioners*, (36 Ala. 621,) was decided. In that case, the statute of 1856, subjecting private corporations to garnishment, was alluded to ; and it was held, that the authority of *The Mayor v. Rowland & Co.*, (*supra*,) remained unimpaired. This decision was followed by the act of 22d February, 1866, (Revised Code, § 2895,) whereby it was enacted, that upon all judgments and decrees in any court of this State, the plaintiff should have process of garn'shment against any municipal corporation, supposed to be indebted to the defendant, upon a compliance with the law in other cases of garnishment. This statute provides a mode in which the sworn answer of such corporation might be made. Now, the object of this law obviously was, to overthrow the doctrines of the case of *Mayor v. Rowland,* so far as they were unimpaired by the act of 1856, and had been reasserted in the case of *Clark & Saunders v. Mobile School Commissioners.* This is very clearly indicated by the comparison, above made, of the history of the adjudications and legislation upon this subject. The public good, in the estimation of the legislature, would be promoted by the reversal of the judicial exposition of the law ; and that, we think, it aimed to effect.

Aside from the consideration thus presented, the act of 1866 is, when closely examined, susceptible only of such a construction, as subjects the wages of the officers of municipal corporations to garnishment. Its language, in general terms, subjects to process of garnishment any municipal corporation, indebted to the defendant. Upon what ground could we select any particular class of debts, and except them from the operation of a statute, the language of which is sufficiently comprehensive to include them, or interpolate an exception or qualification upon a statute, not

suggested by the context? To do so, would involve a clear departure from the judicial authority of construction.

Furthermore, it must be observed, that the act of 1866 requires of the plaintiff, as the preliminary to the issue of a ga. nishment, only a compliance with the law in other cases of garnishment. The law, in other cases of garnishment, required an affidavit that the garnishee was supposed to be indebted to the defendant. If it be that the wages of its officer, owed by a municipal corporation, cannot be reached by garnishment, it results, that the preliminary affidavit may be true, and there may be a correct compliance with the prescribed condition of the issue of the garnishment; and yet the plaintiff be not entitled to the process. To carry out the argument of the appellant, and make the law consistent with itself, it would be necessary to add a clause to the affidavit, so as to make it read, that the garnishee "is supposed to be indebted" to the defendant, *otherwise than for his wages as an officer.* We must decline to make the perversion of the law, which an exemption from garnishment of a debt due by a municipal corporation to one of its guards would effect.

2. Under the act of 1866, the rule which would have required an answer, under the corporate seal, is changed, and the answer is required to be made by the designated officer. The answer here is by the proper officer.

The question of the sufficiency of the affidavit and garnishment to require an answer from the corporation, or its treasurer in his official capacity, was not raised in the court below. We mention it to exclude the conclusion that we decide it.

Affirmed.