## Underhill *v*. Calhoun.

### *Garnishment on Judgment.*

1. *Garnishment of debt due for taxes.*—On grounds of public policy, a judgment creditor of a municipal corporation can not, by process of garnishment, reach and subject funds accruing to it by taxation, either while in the course of collection by suit, or after they have been paid into its treasury. (Overruling *Smoot v. Hart*, 33 Ala. 69).

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. H. T. TOULMIN.

The appellant in this case, having obtained a judgment against the mayor, aldermen, and common council of the city of Mobile, and a return of "No property found" on an execution issued on said judgment, then sued out a writ of garnishment against the appellee, as the debtor of said corporation. The garnishee appeared, and answered, admitting an indebtedness to the said city of Mobile, for taxes assessed and unpaid, amounting to $2,733.34, with interest; for which sum he had given his note to the city, and, the note not being paid at maturity, the city had recovered a judgment against him for the amount due on it; and he insisted in his answer, at the instance of the city, that this debt could not be reached and subjected by garnishment. The plaintiff's judgment against the city of Mobile was rendered on the 28th March, 1877; and the city's judgment against the garnishee, which was for $3,343.15, was rendered on the 10th March, 1877. There being no controversy about the facts, the court discharged the garnishee on his answer; and this ruling and judgment, to which an exception was reserved by the plaintiff, is now assigned as error.

THOS. H. HERNDON, with whom were W. BOYLES, and LINDSAY & DEGROSHE, for the appellant.—1. Although the original indebtedness of the garnishee was for taxes due the city, yet his negotiable promissory note had been given and accepted in payment of that debt, and the note had been reduced to judgment. The debt and the note were merged in the judgment and extinguished, and no action could afterwards be maintained on either.—Chitty on Contracts, 681. The note bore interest after maturity, which was included in the judgment, and the judgment also bears interest. But no

[Underhill v. Calhoun.]

interest accrues on taxes, unless specially given; and taxes can not be collected by action as an ordinary debt, unless such action is expressly authorized by statute, or unless the statute fails to provide any other remedy.—Hilliard on Taxes, 441, 444; 26 Vermont, 482, 486; 8 Metc. (Mass.) 393; 2 Dutcher, 398; 50 Maine, 376. The debt for taxes being thus converted into an ordinary debt, to which interest and other incidents attach by law, and this by the voluntary act of the city (the creditor), it is not exempt from garnishment. 1 Dillon on Mun. Cor. 186; 6 La. Ann. 570.

2. But, if the court can look behind the judgment, and inquire into the original consideration on which it was founded, the case of *Smoot v. Hart*, 33 Ala. 69, is decisive of the question. The authority of that case has never been questioned, and the statute therein construed is yet unchanged.

B. BRAGG, *contra.*—On grounds of public policy, the revenues of a municipal corporation, accruing from taxation, can not be reached or intercepted by garnishment, either in the treasury, or while in transit to it.—*Edgerton v. Municipality*, 1 La. Ann. 435; Dillon on Mun. Cor. 184, § 64, and cases cited.

MANNING, J.—There can be no question that the money, which the city was endeavoring to collect from Calhoun by suit, was a part of its ordinary revenues. This fact was not changed by the circumstance that a note had been taken therefor, and an action on it prosecuted to judgment. The amount of it, when collected, would go into the municipal treasury, as a portion of its regularly levied income from taxation. Could it be intercepted and diverted therefrom, while in the process of collection?

In *Edgerton v. Municipality* (1 La. Ann. 435), the following observations were made: "On the first view of this question" (said ROST, J.) "there is something very repugnant to the moral sense, in the idea that a municipal corporation should contract debts, and that, having no resources but the taxes which are due to it, these should not be subjected by legal process to the satisfaction of its creditors. This consideration, deduced from the principles of moral duty, has only given way to the more enlarged contemplation of the great and paramount interests of public order, and the principles of government." It was under the influence of the moral sense, referred to in the former part of this passage, that the decision cited for appellant, in *Smoot v. Hart* (33 Ala. 69), was rendered. It was there held, that the moneys

[Underhill v. Calhoun ]

collected by, and in the hands of the marshal of Wetumpka, as a part of the revenue of that town, might be attached by garnishment, for a debt due from it to one of its creditors. This construction was given to a section of the Code expressed as follows : "If a judgment creditor of an existing corporation, whose execution has been returned 'no property found,' his agent, or attorney, make affidavit before the clerk . . . that a certain person is supposed to be indebted to the corporation, as a stockholder of the corporation, or otherwise, he is entitled to process of garnishment, returnable forthwith, if in term time, or to the next term, if in vacation," &c.—Code of 1876, § 3220.

We are of the opinion, that there was error in the interpretation given to that section. It related to corporations of a private character. This is indicated by the reference in it to the liability of the "*stockholder*" as such, of the corporations contemplated. Municipal corporations, as Mr. Dillon says, are instituted by the supreme authority of a State, for the public good. They exercise, by delegation from the legislature, a portion of the sovereign power. The main object of their creation is to act as administrative agencies for the State, and to provide for the police and local government of certain designated civil divisions of its territory. To this end, they are invested with governmental powers, and charged with civil, political, and municipal duties. To enable them beneficially to exercise these powers, and to discharge these duties, they are clothed with the authority to raise revenues by taxation, and by other modes, as by fines and penalties. Deprived of its regular and adequate supply of revenue, such a corporation is practically destroyed, and the very ends of its erection thwarted. Based upon considerations of this character, it is the settled doctrine of the law, that the taxes and public revenues of such corporations cannot be seized under executions against them, either in the treasury, or when in transit to it. The doctrine of the inviolability of the public revenues by the creditors is maintained, although the corporation is in debt, and has no means of payment but the taxes which it is authorized to collect.—1 Dillon on Mun. Cor. § 64, and cases cited. These are valid reasons, founded on public policy, concerning affairs and matters of great importance to society, why, without express statutory authority, the revenue of these bodies politic should not be subject to seizure or sequestration by garnishment for individual creditors.

. Other like considerations, founded on the disorder which would be thereby produced in public accounts and administration, are stated in a case somewhat similar, *Pruitt v.*

*Armstrong,* recently decided in this court, 56 Ala. 308. We feel constrained, therefore, to declare the decision in *Smoot v. Hart (supra)* is not law, and that the case is overruled.

Let the judgment of the Circuit Court in the cause before us be affirmed.