Thomson, J.,
delivered the opinion of the court.
The appellant sued John J. Wyatt on a promissory note for $250, and caused the city of Denver to be summoned as garnishee in the suit. The defense of the city against the garnishment was that it was a municipal corporation, existing under a special charter from the legislature of the state ; that the defendant, John J. Wyatt, held the office of commissioner of inspection of the city; and that his salarj^ could not be reached by process in garnishment. By the judgment of the court, the garnishee was discharged, and the plaintiff appealed.
In the absence of special statutory provisions for the garnishment of municipal corporations, the weight of adjudication is that, for reasons of public policy, such corporations are not subject to garnishment; and, following the general current of authority, the supreme court of this state so decided in Commissioners v. Bond, 8 Colo. 411. Since that decision, however, a law has been enacted by the legislature *329 making all municipal corporations subject to garnishment.Session Laws, 1891, p. 234.
The liability of municipal corporations in this state to process in garnishment is therefore no longer open to question. But a decision merely affirming such liability in general would not dispose of this case. The defendant was, by statute, a public officer of the city of Denver, appointed by the mayor for a certain and definite term, with a fixed annual salary paj^able out of the city treasury. Session Laws, 1893, p. 172.
The question therefore is, not whether the city may be held as garnishee in any case, but whether the salary of one of its officers can be made the subject of garnishment. The reason for holding municipal corporations exempt from liability to process in garnishment, where the statutes are silent on the subject, and that for exempting the salaries of public officers from such process, are entirely different. The inconvenience and annoyance to the corporation, resulting from the institution of proceedings of that nature, are the grounds upon which the exemption of the municipality has been based. But the salary of a public officer is a provision made by law for his maintenance and support during his term, to the end that, without anxiety concerning his means of subsistance, he may be able to devote himself entirely to the duties of his office, and the public thus have the full benefit of his knowledge and ability in the services he is selected to render. If he could be deprived of his means of support by the garnishment of his salary, presumptively his efficiency as an officer would be impaired, if not destroyed, and the public interests would suffer serious detriment. Roeller v. Ames, 33 Minn. 132; Bank v. Dibrell, 3 Sneed, 379; Mayor v. Rowland, 26 Ala. 498; Pruitt v. Armstrong, 56 Ala. 306; Mayor v. Root, 8 Md. 95.
In Roeller v. Ames, and Mayor v. Rowland, the question of the liability of a municipal corporation to garnishment on account of official salaries was considered; and while it was the opinion of the court in each case that, under existing *330 laws, municipal corporations could not be subjected to garnishment, it was also decided upon grounds independent ofi and unconnected with, any question of the general liability or nonliability of the municipality to such proceedings, that the salary of an officer could not be reached by garnishment. It is evident from the language of the opinions that each decision would have been the same that it was, even if the general liability of the corporation had been conceded.
In Waterbury v. Commissioners, 10 Mont. 515, the supreme court of Montana held that the salary of a county officer might be garnished. The court did not regard the question of public policy as of much importance, because, as it expresses itself, “ it has never been observed that a county has difficulty in obtaining employés to do its work, and the county may surely obtain as good service from those who pay their debts as from those who avoid such payment, and are protected in the avoidance by the unsatisfying doctrine of public policy.” Without doubt there are persons in abundance who are willing to accept official positions; and if the only requisite qualification for an office were a desire to obtain it, then from the multitude seeking it, a man not in debt might be selected, and, we agree with the Montana court, that questions of public policy would have very little significance. But such is not the theory upon which men are elected or appointed to public office. There is an element of qualification or fitness‘which enters into, if it does not control, the selection of men to positions of public trust. Presumptively persons are chosen to office because they can fill it efficiently. A person in debt may have every requisite qualification, and a person out of debt may not possess a single one. There is no necessary dishonesty in being in debt, and we are not advised that it is a distinguishing mark of honesty to be out of debt. The public are entitled to the services of the men chosen to take charge of their interests in official capacity, whether they are in debt or not; and we look upon it as a wise policy which would protect those men against distractions which might destroy their Usefulness. *331 The reasons given by the court in the opinion from which we have quoted are not, to our minds, sufficient to support its conclusions.
After the decision in Mayor v. Rowland was rendered, the legislature of Alabama enacted a law subjecting municipal corporations to garnishment; and the supreme court of that state, in City Council v. Van Dorn, 41 Ala. 505, held that a city might be garnished in respect of wages due an officer. The opinion does not go very deeply into the question im volved, and is no more satisfactory to us than that in the Montana case. But in Pruitt v. Armstrong the question whether the salary of an officer could be the subject of garr nishment was again before the supreme court of Alabama ;• and it was held, in direct opposition to the decision in City Council v. Van Dorn, that it could not. The opinion, which was delivered by Chief Justice Brickell, discusses the question exhaustively, citing with approval the decision in Mayor v. Rowland, but making no reference whatever to that in City Council v. Van Dorn. While it does not, in terms, overrule the latter case, yet such is its manifest effect; and it is in direct line with the mass of adjudication on the subject. The statute of this state subjects municipal corporations to garnishment in respect of any ordinary indebtedness which they may owe; but we do not think it was contemplated that a procéss devised to facilitate the collection of debts might be used to the prejudice of the public interests.
But, aside from considerations of public policy, it is not our opinion that the obligation of a municipality to pay the lawful salaries provided for its officers is an indebtedness within the meaning of the attachment and garnishment laws. It is' not upon contract, express or implied, but upon legislative enactments, defining its powers and prescribing the mode of its existence, that the duty of the corporation to pay the compensation of its officers rests. The statute concerning garnishment provides for the summoning of garnishees to answer whether they are indebted to the defendant either in property or money; and, if so indebted, whether the debt *332 is due, or if not, when it will become due. It is an indebtedness only that can be made the subject of garnishment. It is not every liability to which an individual may subject himself that can properly be called a debt. A judgment may ultimately be recovered against him for money, on account of something which is not a debt in the legal sense of the term, and in respect of which he can not in the meantime be garnished. In order that a liability may be an indebtedness within the meaning of the law, it must arise out of contract. See Fisher v. Consequa, 2 Wash. C. C. 382; Drake on Attachment, sec. 545; 2 Wade on Attachment, sec. 477; Hugg v. Booth, 2 Ired. 282; Cook v. Waltwall, 20 Ala. 334.
Now, there is no contract relation whatever between a municipality and its officers. Neither the amount of an officer’s compensation, nor the time when it is payable, nor his term of office, nor the services he must render, depends upon contract. There is no fiction of law upon which an implication can be predicated that cities hire officers to perform certain duties, for specified periods, at stipulated wages. The result of our investigation is that the salary of a municipal officer, while it remains in the treasury, is beyond the reach of proceedings in garnishment. We must therefore affirm the judgment of the county court.

Affirmed.