[No. 1353.]

## The Troy Laundry and Machinery Co. v. The City of Denver.

Garnishment — Municipal Corporations — Officers' Salaries — Public Policy — Statute.

A municipal corporation is not subject to garnishment for the salary of a public officer, on the ground of public policy. The act of 1891 (Sess. Laws, 1891, page 234) making municipal corporations subject to garnishment the same as private corporations and persons, was not intended to make such corporation liable to garnishment for officers' salaries.

*Appeal from the District Court of Arapahoe County.*

Mr. R. D. Thompson, Mr. Ben B. Lindsey and Mr. Fred W. Parks, for appellant.

Mr. F. A. Williams, Mr. G. Q. Richmond, Mr. Brooks E. Shell, Mr. George C. Norris and Mr. Emerson J. Short, for appellee.

Wilson, J., delivered the opinion of the court.

Appellant recovered a judgment against one W. A. Beggs, and garnishee process thereon was issued to the city of Denver, of which Beggs was a salaried official, holding the position of boiler inspector.

The determination of one question is decisive of the appeal. Is a municipal corporation subject to garnishment for the salary of one of its officers?

It is conceded that such is not the case unless authorized by the terms of a legislative enactment of 1891, which is as follows:

"Be it enacted, etc.   That all municipal corporations shall be subject to garnishment upon writs of attachment and executions in the same manner that private corporations and persons are now, or may hereafter be, subject to garnishment under such writs." Sess. Laws, 1891, p. 234. This statute was considered and the question here involved passed upon by this court at its January term, 1897. *Lewis v. City of Denver*, 9 Colo. App. 328. After a thorough and full consideration of the able brief of plaintiff's counsel, and a careful review of the opinion in that case, we see no reason to modify the views there expressed or change the conclusions there reached. It was there held that the official's salary was not subject to garnishment.

This is the rule well settled and supported by the great weight of authority in the absence of a statute. It is based upon generally recognized grounds of public policy, which are sufficiently set forth and discussed in the former opinion of the court. For the reasons there given, which it is wholly unnecessary to amplify or repeat, we think it was not the intention of the legislature to abrogate this rule by the statute of 1891. This provided simply that municipal corporations should be subject to garnishment process in the same manner as private corporations and persons. These latter are liable under the process for any debts in money or property which they might owe to the judgment or attachment debtor. The liability of a city to one of its officers for the payment of his salary of a definite amount fixed by law is not a debt within the meaning of the garnishment statutes. It grows out of no contract, express or implied, out of no contractual relation, and payment may be enforced by mandamus.

Counsel have cited us to several decisions of this court,

*Marks v. Anderson*, 1 Colo. App. 4; *Hallowell v. Leafgreen*, 3 Colo. App. 25; *West v. Hanson Produce Co.*, 6 Colo. App. 472, wherein he contends it was held that the test of the liability of a garnishee is, Could the defendant in his own name maintain an action against the garnishee for the money or property in the hands of the garnishee and sought to be reached by garnishment process? We differ with him in his views as to the holding of the court. In each case it went only to the extent that a recovery against the garnishee could not be had unless the defendant could recover from him what the plaintiff sought to secure by garnishment. It was by no means held that this was the only test. A garnishee might be liable to the defendant for damages in an action of negligence, but surely it will not be claimed that this liability could be the subject of garnishment. The true rule and test as approved by the consensus of the best authorities is, that a debt for which a judgment might be rendered against a garnishee must be one for which the defendant might maintain against him an action in debt, or *indebitatus assumpsit*. Drake on Attachment, § 545. Neither form of action was maintainable save upon debts arising upon contract express or implied. Our code has abolished the distinctions between the old forms of actions, but it does not obliterate the distinction between the character of actions, nor destroy, modify nor change the well-known and generally accepted meaning of legal terms and phrases based upon such distinctions. *Danielson v. Gude*, 11 Colo. 87. Blackstone says, " The legal acceptation of debt is a sum of money due by certain and express agreement." Commentaries, p. 155.

Counsel urge upon our consideration the authority and reasoning of a case in Alabama. *City Council of Montgomery v. Van Dorn*, 41 Ala. 505. There the court held that under a statute the salary of a city officer was subject to garnishment. The phraseology of the statute is not given in the opinion; neither is that of the statute regulating garnishment. It appeared, however, that previous to the enactment of this statute, the question had been squarely presented to the supreme

court of the state, and it had been expressly held that under the law as it then existed, the salary of an officer of a municipal corporation could not be garnisheed. In this case the court said that the intention of the legislature was manifest by a comparison of the history of the adjudications and legislation upon the subject, and that the object of the statute was obviously to overthrow the doctrine of the adjudicated cases, which had held that official salaries could not be reached by garnishment process. These very important considerations, which are lacking in the case at bar, it is reasonable to presume had, and properly so, a decisive and potent influence upon the court in arriving at its conclusion. The statute, too, was said by the court to be very broad and comprehensive in its terms. In the light of these facts, the reasoning of the court was presumably sound, but it was applicable only to the particular statutes of that state. We cannot concede its force when applied to the construction of special statutes of Colorado, which may be different in material and essential particulars from those which the Alabama court had under consideration.

Garnishment is a strictly statutory remedy, and it cannot be extended by construction to cases which are not within both its letter and spirit. It is true that the garnishment statutes of Colorado specifically require that they shall be liberally construed so as to promote their objects. Code, sec. 140. This applies however only to the enforcement of the remedy after jurisdiction has attached. It does not permit courts to enlarge or extend by implication the scope of the statutes, so as to bring within their jurisdiction any cases except those to which the statutes manifestly and clearly apply. As to this, the rule of strict construction prevails, the statutes being in derogation of the common law. *Colo. Fuel & Iron Co. v. Blair*, 6 Colo. App. 40.

It is conceded as an elementary canon of construction that in the interpretation of a statute courts must be controlled by the intent of the legislature, if such intent is manifest or can be ascertained under any of the recognized rules of stat-

utory construction; where such intent is doubtful, it is also a settled rule that in the consideration of the provisions of any statute, they ought to receive such a reasonable construction, if the words and subject-matter will admit of it, as that the existing rights of the public or of individuals, be not infringed.   Sutherland, Statutory Construction, § 322; *Wales v. Stetson*, 2 Mass. 146.   It has been uniformly held that by reason of high considerations of public policy, the salary of a public official, whether state, county or municipal, was not subject to garnishment, not because of any exemption right to which the officer was entitled, but because the interests of the public demanded it.   The statute in question can be given a reasonable construction without holding that it was the legislative intent to abrogate this settled and wholesome rule of public policy.   If such had been the intent, it is to be presumed that it would have been made clearly manifest, as could easily have been done by the use of language of clear and unmistakable import.

Private corporations and persons are subject to garnishment when the relation of debtor and creditor exists between them and the judgment or attachment debtor.   When, therefore, the legislature provided by the statute in question that municipal corporations should be subject to garnishment in the same manner as private corporations and persons, it will be presumed that the intent was to make them subject only when such relation existed according to the strict legal significance and import of the words debtor and creditor as used in the statutes providing for and regulating garnishment proceedings.   For reasons heretofore given, we are of opinion that the duty or obligation resting upon a municipality to pay to its officers the salaries fixed by law does not establish, nor is it embraced in this relationship in the legal sense of these words as used in the statutes.

Defendant invokes the doctrine of *stare decisis.*   Whatever force, if any, there may be in this, it is unnecessary for us to discuss, as our conclusions are based upon considerations

wholly independent of the rules pertaining to that principle of law.

Counsel urge that if in this case the municipal corporation is held to be exempt from garnishment, nevertheless the privilege of exemption may be and has been waived by the city. We express no opinion as to the legal proposition announced, but as to the existence of the fact claimed, we must take issue. The garnishee in its answer alleged that it was a municipal corporation, that the defendant was one of its officers, regularly appointed in pursuance of law, that the only money owed by it to him was on account of and for his regular salary as such officer, that "therefore" it showed to the court that such salary was not subject to garnishment, and that it was not subject to garnishment "for the salary of said officer or of any of its public officers," and "wherefore" the garnishee prayed to be "hence discharged with its costs in this behalf expended." It seems clear that the city did raise and insist upon its privilege of exemption. Without answer, the facts upon which the claim to the right of.exemption was dependent, would not have appeared. They would have been dehors the record, and hence a motion to quash without answer would not have been available.

It may be urged from a moral standpoint that a creditor should not be deprived of this remedy, sometimes possibly his sole one, for the collection of a debt lawfully and justly due to him, but higher considerations of public policy must prevail. Private right must yield to public right. It is better that a creditor of one having claim to public moneys should submit to the inconvenience and hazard of awaiting their payment, than that he should embarrass the government or officers, in the administration of the public revenue or of the public business, by his private controversies. *Pruitt v. Armstrong*, 56 Ala. 309.

The judgment will be affirmed.

*Affirmed.*