HENRY L. PARKER, JOHN H. HOLLINGSWORTH, WM. B. HOOK-
ER AND JOHN PARKER, APPELLANTS, *vs.* FRANCIS A. HEN-
DRY, ADMINISTRATOR *de bonis non* OF JAMES E. HENDRY,
DEC'D, APPELLEE.

Where a plaintiff dies and the suit is revived by *scire facias*, it is to be pro-
ceeded within terms of the law as to the making of defences as if he had not
died, and the defendant is not entitled to an appearance and trial term, as if
the case had been commenced by the party newly made. If judgment is
had by *nil dicit* in the Court below, the defendant should apply, if he has
a good defence, to open the judgment and be permitted to plead, and cannot
make his application to this Court.

This case was decided at Tampa.

The facts of the case as presented in the record, are fully
set forth in the opinion of the Court, to which reference is
made.

*James Gettis* for appellants.

*James T. Magbee* for appellee.

BALTZELL, C. J., delivered the opinion of the Court.

Alderman Carlton, administrator of James E. Hendry,
deceased, instituted his suit on the 17th day of March,
1856, against Henry L. Parker, John H. Hollingsworth,
Wm. B. Hooker and John Parker, to obtain payment of a
note given for the sum of $1844. The writ was served on
the defendants, Wm. B. Hooker and John H. Hollinsgworth,
on the 25th of March, 1856. Henry L. Parker acknowl-
edged service. John Parker was not served, not being in
the county. On the 10th September the process was served
on H. L. Parker, and on the 14th on John Parker.

At the October Term, 1856, the defendants entered their
appearance by their attorneys to prevent a default. At

this term a suggestion was made of the death of the plaintiff Carlton, and *scire facias* ordered.

On the 5th of February, 1857, a *scire facias* issued in favor of Francis A. Hendry, who in the mean time had been qualified as administrator *de bonis non*, of the estate of James E. Hendry. This was served on the defendants on the 13th and 18th of February, and the 11th of March, 1857. On the first of April, the plaintiff entered his motion for default, and again on the 6th gave notice of a motion to make the new administrator plaintiff, which was served on the 7th. On calling of the case at the April Term, Hendry was made plaintiff, and no plea having been filed, a judgment was entered for $2095 09 on the 8th of April, 1857. This is complained of, and we are asked to reverse it on the following grounds :

1. " Because the defendants did not have the time to plead allowed by the rules of court."

The law providing for the revival of suits in case of the death of a party plaintiff, provides that "the suit *shall proceed as if such party had not died*, and shall not abate by the death of either party, provided the cause of action would survive."—See Thompson's Digest, p. 332.

The process was fully served to the October Term, which was the appearance Term, so that the plaintiff would have been regularly entitled to judgment in case of his living at the April Term, 1857, the time when it was given, so that the judgment is rendered and the cause has been proceeded with in the terms of the act, as if the plaintiff had not died. And we see no injury to result therefrom. The party had more than twelve months to prepare a defence, and surely he cannot complain that a longer time was not allowed. If he had a meritorious defence, it should have been presented by filing pleas directly after the notification of the appointment of the administrator, and even if not fil-

ed then, the court would undoubtedly, on a proper show-
ing, have set the judgment aside and allowed him to make
a defence. Failing to do this in the court below, he
may not hope to attain the same object here. Ours
is not the place to originate motions for the conduct
of cases, nor the presentation of defences ; they should be
made to the court below. If refused or denied there, then
the redress of the party is by application here. It is true,
the rules say that pleas shall be filed sixty days before the
trial Term of the court. This is for cases in their natural,
ordinary and regular course. When a deviation is requir-
ed or becomes necessary by facts or circumstances, it is the
province and duty of the court to accommodate its action
to this new state of things. Rules are, not like laws, in-
flexible, but made for the advancement of the great pur-
poses of right and justice, and are to be administered in a
spirit of wise and prudent discretion to attain their great
object and end.

The law allows two terms to a defendant for presenting
and hearing his defences, the rule requiring that these be
filed sixty days before the trial Term, which, if prevented
by accident, it does not follow that he should have a third
term to make them.

Already the time of filing pleas, of giving two terms, is
complained of as occasioning improper delay, and it would
ill become this court by construction to give further occa-
sion for reproach. There is no error then in the ruling in
this respect. This disposes of the general assignment of
errors.

The third assignment, alleging a deficiency in the service
of the process, was withdrawn and is dispensed by the re-
cord.

The fourth assignment is that the court erred in not setting
the default aside, and in not giving the defendants an op-

portunity to plead.   It is not right to term this a default; it was by *nil dicit*.   It does not appear by record that they desired to plead.   The parties were present, they filed no pleas, asked leave to file none; how then, could the court presume that they had a defence?   How can this court conclude that they had any?   No doubt, if, after the judgment had been entered, a proper showing had been made of a meritorious defence, the court would have opened it.   If this had been refused, then the appeal would have been the appropriate remedy.   Let the judgment be affirmed.