THE PEOPLE *ex rel.* SPAUN *v.* THE MAYOR OF OMAHA.

---

The People ex rel. Spaun v. The Mayor of Omaha.

MANDAMUS: *Municipal corporations.* The city of Omaha is not liable to process of garnishment.

The city of Omaha was indebted to one Lampiere in the sum of $320; and he assigned his demand to the relator, who duly presented it to the city council; by which body the demand was audited, and an order passed directing the mayor to draw his warrant upon the treasury for the same. But, prior thereto, certain creditors of Lampiere, in actions brought by them against him, sued out attachments, and caused notices of garnishment to be served upon the city. To these notices the city answered, that it was indebted to him in the sum above named. The mayor, therefore, refused to draw the warrant. Upon the relator's application, an alternative writ of mandamus was issued to, and duly served upon, the mayor, who showed these facts in answer to the writ. The relator thereupon moved the Court for a peremptory writ, which was refused. Thereupon he filed this petition in error.

*Spaun & Pritchett*, for plaintiff in error.

I. A municipal corporation is not liable to garnishee process. *Code of Nebraska*, sect. 208; *Burnham* v. *The City of Fond du Lac*, 15 *Wis.*, 193; 11 *Missouri R.*, 59; 2 *Mass. R.*, 37; 26 *Alabama*, 498; 29 *Tenn.*, 173; 8 *Maryland*, 95.

II. The money in question was not due, and was to become due *only* on completion of an executory contract, and performance of certain other conditions precedent; and hence cannot be held by garnishment. *Code of Nebraska*, sects. 244 and 246; *Drake on Attachment*, sect.

THE PEOPLE *ex rel.* SPAUN *v.* THE MAYOR OF OMAHA.

223 ; *Thomas* v. *Hillhouse*, 17 *Iowa*, 66 ; *The City of Newark* v. *Funk & Bro.*, 15 *Ohio State*, 462.

III. The defendant's answer to the application for the peremptory writ is insufficient : it does not state how the city was garnisheed, upon what officer process was served, what answer was made thereto, or whether any judgment was rendered thereupon. The whole current of authorities hold this answer to be insufficient. *Herman on the Law of Estoppel*, sect. 120 ; *Lowry* v. *Lumberman's Bank*, 2 *Watts & Sarg.*, 210 ; *Brown* v. *Somerville*, 8 *Maryland*, 444 ; *Merriam* v. *Rundlett*, 13 *Pickering*, 411.

IV. The duty of signing warrants on the treasury is especially enjoined upon the mayor by law. Sect. 43 of Act of Legislature of Nebraska, passed 1871, and which took effect March 1, 1871.

V. The plaintiff has no other remedy : the demand is conceded by the answer to be $320 ; and if sued, and judgment obtained against the city, it could only be enforced by mandamus, as no execution could issue thereon. Sect. 87 of Act of Legislature of Nebraska, passed 1871, entitled " An Act to incorporate Cities of the First Class."

Upon these authorities it is submitted that the order denying the writ should be reversed, and a peremptory writ awarded out of this Court.

No counsel appeared for the mayor.

MASON, Ch. J.

The question presented in this case — whether a municipal corporation in this State, established for the purpose of government, is subject to garnishee process — was, in the Court below, decided in the affirmative ; and this writ of error is prosecuted to reverse that judgment.

### The People *ex rel.* Spaun *v.* The Mayor of Omaha.

Sect. 207 of the Code provides, that "when the plaintiff, his agent or attorney, shall make oath in writing that he has good reason to and does believe that any person or corporation, to be named, and within the county when the action is brought, has property of the defendant (describing the same) in his possession, if the officer cannot come at such property, he shall leave with the garnishee a copy of the order of attachment, with a written notice that he appear in court at the return of the order of attachment, and answer," as provided in sect. 221. This section reads as follows: "The garnishee shall appear as follows: If the order of attachment be returned during a term of court, he shall appear at that term; if the order be returned during vacation, he shall appear at the term next after its return."

He shall appear and answer under oath all the questions put to him touching the property of every description and credits of the defendant in his possession or under his control; and he shall disclose truly the amount owing by him to the defendant, whether due or not.

Sect. 208 provides for the service of the garnishee process, and reads as follows: "The copy of the order and notice shall be served upon the garnishee as follows: If he be a person, they shall be served upon him personally, or left at his usual place of residence; if a corporation, they shall be left with the president or other officer of the same, or managing agent thereof." Our statutes provide for no such officer of a municipal corporation as a president; and a managing agent is to them unknown. It would not be contended that the city would be bound by service upon a policeman. The legislature did not contemplate the service of garnishee process upon municipal corporations created exclusively for the purpose of government; and hence no provision was made for service upon them.

THE PEOPLE ex rel. SPAUN v. THE MAYOR OF OMAHA.

We think from an examination of the statute relating to garnishment, and the service of process, that it is clear that the legislature did not intend to subject municipal corporations, erected for the purpose of government, to attachment and garnishee process. The city of Omaha is a public municipal corporation, created for the public benefit, and not subject to the same rules which govern private corporations. The legislature did not contemplate compelling this class of corporations to stand at the bar of the various courts of the State, and participate in controversies between debtors and creditors. The public interest might suffer, while the municipal authorities would be compelled to occupy their time over contests in which the public had no interest.

Public policy forbids the imposition of such a liability upon a corporation of a public and municipal character. The Court says, in *Hamilton* v. *The City of St. Louis*, 11 *Missouri*, 61, " To appreciate the consequences which would inevitably follow in the train of such proceedings, it is only necessary to refer to the large amount of revenue collected and disbursed by the city. If this disbursement is to be made through garnishment, which may be instituted in any county in the State against any creditor of the corporation, it must result injuriously to the prosperity of the city and of the public interest." *Hawthorne* v. *The City of St. Louis*, 23 *Missouri; 26 Alabama*, 498; 8 *Maryland*, 951.

It is not necessary to consider the other questions raised in this case.

It follows that the motion for the peremptory writ of mandamus should have been granted.

The judgment of the District Court is reversed with costs, and cause remanded for further proceedings, in accordance with this opinion.

Judgment reversed, and cause remanded.