JUDGE ELLIOTT
delivered the opinion oe the court.
Having obtained a judgment on a return of “no property-found” against the appellee, A. J. Musselman, the appellant instituted his action under the 474th section of the Code for discovery of the said appellee’s effects, and also sued out an attachment against him. Appellant’s judgment debt amounted to $300 with interest from the 17th of April, 1873, till paid.
It appears in evidence that the appellee, A. J. Musselman, was marshal of the city of Louisville at the time of this suit, and so continued for some time thereafter, and that during the ■ progress of the suit all his salary due from the city of Louisville was attached by way of garnishment in the hands of the officers of said city.
The city, by consent of all the parties, answered and admitted that it owed said appellee, as marshal of the city of Louisville, the sum of $166.66, which it held subject to the order of the court; and the only material question presented in this record is as to whether the salary of the employees or officers of the towns and cities of this state is subject to the payment of their debts by the coercive process of the law.
This question has been decided both for and against the right to attach the salary of a city officer by the courts of the various states of the Union, but the decisions of some of the state courts are founded on the provisions of statutes which either exempt city officers’ salaries from liability to garnishment or attachment, or exclude city governments from the law of attachment or garnishment as to the salaries of its officers or employees.
*356 In the case of Divine v. Harvie (7 Monroe, 439) this court-decided that the salary of an officer or employee of the state was not subject to attachment in the hands of the officers of the state; but the ground of this decision was that the state could not be sued, and that as it would take a suit or action to attach funds in its possession, the court would have no jurisdiction so far as the state was concerned, and that the law could not be evaded by an action against the officers of the state, who were the mere custodians of the salaries of its employees; and in Tracy & Loyd v. Hornbuckle and wife (8 Bush, 336) this court, in deciding against the right to attach the salary of a common-school-teacher, used the following language: “ Such funds were due from the state to one of its employees; and as the state can not be sued nor made a garnishee, parties will not be allowed to evade this inhibition by ignoring the state in their suits, and proceeding directly against the public officer having the custody of the moneys sought to be reached.”
There is some intimation in the case of Divine v. Harvie that as the subjecting of a state officer’s salary to the payment of his debts by the coercive process of the courts might render him less efficient in the discharge of his duties, the same might conflict with a sound public policy.
But we are of opinion that the reasons that deny the right to attach the funds due from the state to its employees are not applicable to the claims due by the towns and cities of this state to their employees. A town or city, being a municipal corporation, is as subject to suit for what it owes as is a private individual, and any fund due from it to a debtor is as subject to attachment or garnishment while in its hands as if it were a private individual. Nor do we believe that the coercive appropriation of the salary of an officer of one of our towns or cities to payment of his debts conflicts with public policy.
The provisions of the 474th section of the Code are general, and apply to all debtors, and render all equitable estates liable *357 to their provisions unless the same are exempt by law from the payment of indebtedness.
In ’the case of Speed v. Brown, &c. (10 B. Mon. 109) this court decided that the salary of the marshal of the city of Louisville was subject to the payment of his debts, and that the same could be attached on the return of no property found, and applied to the payment of his judgment creditor. This decision was rendered in 1849, and has been acquiesced in without legislative or judicial change ever since, and must now be regarded as the law of this state. We see no sound public policy that this rule of law contravenes.
The employees of the various towns and cities of this state number many thousands, and we see no reason why their wages should not be as liable to the payment of their debts as the wages of private employees.
An exemption of the salaries of city and town employees from coercive appropriation to the payment of their debts would result in a denial of credit to them, and consequently in more injury than benefit.
But however this may be, the liability of the city of Louisville to garnishment for the salary of its marshal, and the appropriation of the same to the payment of his debts, has been sustained by this court; and as we believe the law was then correctly ruled, a new trial is granted in this cause, and the judgment of the lower court reversed, with directions to sustain the attachment as to the fund due appellee and in the hands of the city, and for other proceedings not inconsistent herewith.