CRESCENT INSURANCE COMPANY OF NEW ORLEANS, APPELLANT, VS. LEWIS BEAR, APPELLEE.

1. A creditor of one member of a partnership cannot garnishee a debtor of the partnership.

2. An allegation by the creditor of one partner that the debt due to the partnership was for insurance of certain furniture destroyed by fire and which the partnership used solely for the purpose of conducting a gaming business, and that the partnership existed for no other than gaming purposes, though admitted by the debtor of the partnership, does not create an exception to the above rule or render the firm debtor garnishable in behalf of the creditor of one member of the firm. The other member of the partnership not being before the court, neither his interest nor that of the debtor partner in the partnership assets can be adjudged, nor does the statute provide for making the former a party and settling the partnership accounts.

3. It seems not only that where in an illegal venture there have been profits made, an account may be had in equity by one partner

against another who has them and is seeking to appropriate them; but also that where there has been a loss in the venture and an adjustment between the partners and an obligation has been given by the debtor partner to the other that an action may be maintained on such obligation.

Appeal from the Circuit Court for Escambia County.

The facts in the case are stated in the opinion.

*W. A. Blount* for Appellant.

*John C. Avery* and *Wm. Fisher* for Appellee.

The appellee was plaintiff, L. Apley was defendant, and appellant was garnishee.

The plaintiff had judgment against the garnishee for $250, and garnishee appeals.

The appellant contends that no portion of what was due Apley and Wilkins from it could be garnished in a suit against Apley alone.

Such would unquestionably be true if the money was due Wilkins and Apley as partners.

But the pleading and admissions in the record in this case show that Wilkins and Apley were not partners, and did not, as partners, hold the property which was insured, except for gaming purposes; and a partnership for such purposes is absolutely void. Parsons on Partnership, p. 9.

Consequently they held the property and insurance and were entitled to the funds in the hands of the garshishee as tenants in common.

In the absence of any evidence to show the extent of the interests of co-tenants or co-partners, the presumption is that their interests are equal. Freeman on Co-tenancy, § 105; Parsons on Shipping and Admiralty, p. 90; Glover vs. Austin, 6 Pick., 209; Ohl vs. Eagle Ins. Co., 4 Mason, 172.

Hence, the court below properly held that one-half of the five hundred dollars due Wilkins and Apley from the garnishee, belonged to Apley.

The next question, then, is—can the interest of one of several tenants in common of personalty be garnished or attached in a suit against him alone?

The decisions are not uniform, but the weight of authority is in favor of the affirmative. Drake on Attachments, §§ 248 and 572; Whitney vs. Munroe, 9 Maine, 42; Miller vs. Richardson, 1 Missouri, 310; Thorndyke vs. De Wolf, 6 Pick., 120.

These decisions are in line with numerous others involving the similar principle, that the right of severance always, at common law, belonged to tenants in common of property in its nature severable. 2 Waite's Actions and Defenses, 248; Andrews vs. Betts, 8. Hun., 322; Tinney vs. Stebbins, 28 Barb., 290; Trip vs. Riley, 15 Barb., 333; Newton vs. Howe, 19 Wis., 531.

In the case of a copartnership there are great difficulties and embarrassments in the way of garnishing the interests of one partner, and the reasons against such garnishing are good and cogent.

But no such difficulty or reason exists in the case of tenants in common or joint owners of a debt, and the courts have almost always permitted creditors of one to reach by attachment or garnishment his interest in debts and chattels so held.

MR. JUSTICE RANEY delivered the opinion of the court:

The appellee obtained judgment for $331.40 against Louis C. Apley, and issued a writ of garnishment to appellant, who, in answer to the writ, set up that it was not at the time of the service thereof indebted to the defendant, Apley, "except in so far as he might be interested in an

indebtedness of this garnishee of $500 then due to the firm of Wilkins & Apley, composed of the defendant and one James Wilkins, and that it has not since the service of the said garnishment been indebted to him nor them, as aforesaid," &c. The reply or " traverse " to this answer is: " That the said $500 in said answer mentioned was and still is due said James Wilkins and defendant from the garnishee on account of a loss by fire of certain furniture owned by said Wilkins and defendant, and insured by the garnishee, which said Wilkins and the defendant used for the purpose of conducting a gaming business, and for no other purpose, and that except for such gaming purposes the defendant and Wilkins were not copartners." Appellant demurred to this reply, and the demurrer was overruled and final judgment entered against appellant.

The contention of the appellee is in effect simply that as the furniture upon which the insurance money is due to Wilkins and the defendant, Apley, was used by them for the sole purpose of conducting a gaming business, and as except for such gaming purposes the defendant and Wilkins were not partners, the partnership rights and the status of Wilkins and Apley as partners are to be considered to have no existence and consequently that they should be considered as tenants in common of the insurance money or debt due them by the insurance company.

The best considered authorities hold that a debt due a partnership cannot be garnished by a creditor of one of the partners. The garnishment laws afford no means for ascertaining such partner's interest and they do not even make other partners parties; the interest of each partner in partnership funds is only what remains after the partnership accounts are taken; and unless upon such an account the partner be a creditor of the fund he is entitled to nothing, and if the partnership be insolvent the same result follows.

The effects of the partnership may be wanted to pay its debts, and on a settlement of accounts the particular partner to whose individual indebtedness it is sought to apply, through garnishment, a part of the debt due the firm may be found to be a debtor to the partnership. The conditions of the partnership and interests of the respective partners are unknown, and the ordinary machinery of a court of law is not only not adapted to the ascertainment of such condition and interests, but an attempt to make them so would prove not only anomalous, but also impracticable. Drake on Attachments, §§567 to 571.

It is true that a court of equity will not enforce an illegal contract, but this has not been regarded as necessarily involving the proposition that when the illegal venture has been consummated, resulting in profit, and one of the parties to the project has appropriated to himself the results, that chancery would not call him to an account and compel him to do justice to his excluded partner. Brooks vs. Martin, 2 Wall., 70; McBlair vs. Gibbes, 17 How., 232; Sharp vs. Taylor, 2 Phillips, (22 Eng. Chan.) 801, and cases cited.

In DeLeon vs. Travino, 49 Texas, 88, it was held that although a contract may be illegal it does not follow that it is illegal or immoral for the parties to it, after its completion, to fairly settle and adjust the profits and losses which have resulted from it. The facts were that during the late war between the States, parties in Brownsville, Texas, formed in 1864 a partnership for the purpose of shipping merchandise from Matamoras, in Mexico, to Texas, with a view to obtaining cotton. Afterwards, in 1866, the parties on settlement adjusted their accounts, and one executed his notes to the others, and upon being sued pleaded the illegality of the venture, but it was held that such illegality did not attach to the notes, and that it was no de-

fence.   The notes were given, not for profits, but in liqui-
dation of the portion of losses and merchandise which, on
the settlement, DeLeon was found to be due the appellees,
Travino & Bro.

The authorities referred to maintain, not only that when
in an illegal venture there have been profits made, an ac-
count may be had in equity of them by one partner against
the other who has them and is seeking to appropriate them
to himself, but also that where there has been a loss in the
venture, and an adjustment of the accounts between the
partners and an obligation given by the debtor partner to
the other, that an action may be maintained on such obli-
gation.

It seems to us that not only are we asked to assume that
no relief can ever be given by the courts to one partner
should he claim that he is entitled as against the other to
more than half of the fund where the purpose or business
of the partnership is illegal, but also to assume in this case
from the mere allegation of an illegal purpose or character
of business, that Apley will contest Wilkins' right to
more than half even if it be that the latter is in fact en-
titled to more, instead of amicably yielding to him the en-
tire fund if it be that Wilkins is entitled to it.   We do
not know, nor can we learn in this proceeding, whether
Wilkins is entitled to half or more, or to all of this in-
debtedness of the insurance company, nor whether Apley
contests his claim, whatever it may be.   Wilkins cannot be
heard, either by himself or through another, to assert his
claim, whatever it may be, nor to contest the alleged ille-
gality of the partnership.   The pleadings admit that a part-
nership has in fact been formed and its actual existence,
that the insurance contract was made with Wilkins and
Apley as partners, and that the insurance money is re-
garded by the company to be due to them as partners, but

the appellee seeks to invalidate the rights of Wilkins as a partner by an allegation of an illegal purpose or character of the business, and this in a proceeding to which Wilkins is not a party, and thus to annul the partnership and deprive him of what may be his rights in the money and to appropriate his property to the payment of another's debts without an opportunity to be heard. This cannot be done, even if it be true that equity should not grant relief, as was done in Brooks vs. Martin, and other cases cited. To sustain this garnishment is to condemn Wilkins as to his rights in the partnership without an opportunity to be heard, and it may be take his property without due process of law.

The judgment is reversed, and the case will be remanded with directions to enter judgment sustaining the demurrer.