THE FIRST NATIONAL BANK OF OTTAWA v. THE CITY OF OTTAWA *et al.*

1. *National Bank—Paving Contract—Security for Debt.*   A banking corporation organized under the laws of the United States can take an assignment of the money due and to become due, from a city of the second class, on a contract for paving a street, from the contractor, to secure an existing *bona fide* indebtedness by the contractor to the bank.

2. CITY, *Not Garnished.*  Considerations of public policy will not allow a city of the second class to be liable under a process of garnishment. (*Switzer v. City of Wellington,* 40 Kas. 250, cited, and followed.)

*Error from Franklin District Court.*

THE opinion states the case.

*H. P. Welsh,* and *Johnson, Martin & Keeler,* for plaintiff in error.

*W. Littlefield,* for defendant in error Atkinson; *Wm. H. Clark,* for defendants in error Darby and others.

Opinion by SIMPSON, C.: On the trial of this cause in the district court of Franklin county, the parties made an agreed statement of facts, and the court made this statement, in the form of special findings of fact, as follows:

"1. The plaintiff is a banking corporation duly organized under the laws of the United States, commonly called the national currency act, and as such bank is doing business at Ottawa, in this state.

"2. C. C. Minton is, and for the last past year or more has been, a stockholder in said bank, and the cashier thereof; he is also, and for the last six months last past has been, a councilman of said defendant city.

"3. The city of Ottawa is, and for many years has been, a city of the second class in this state.

"4. On the 19th day of May, 1887, the city of Ottawa duly entered into a contract in writing, with the firm of Hanway Bros., whereby the latter agreed to macadamize a certain street in the city for a certain sum per yard. This contract was duly performed by Hanway Bros., and accepted by the city; so that on the 18th day of October, 1887, the city owed to Hanway Bros. on said contract, the sum of $1,461.24, which has not been paid.

"5. On the 8th day of July, 1887, said Hanway Bros. owed the plaintiff the sum of $3,000 for moneys before that time loaned to them by the bank; and thereupon, to secure said debt, Hanley Bros., at the request of the bank, duly executed the written assignment, a copy of which is attached to the petition. They were then engaged in the work under said contract, and thereafter continued in the full and sole manage-.

ment and control thereof, the same as though the assignment had not been made, to its completion, October 18, 1887.

"6. During the summer of 1887, the firm of Thomas Bros., intervener herein, purchased time-checks from time to time, issued by said Hanway Bros. to the men employed by them upon said macadam work. And said Hanway Bros. paid said Thomas Bros. on said time-checks at each stated period of the month, as they, Hanway Bros., received their pay from the city on their contract, until October 5, 1887, when Thomas Bros. held of said checks so purchased by them to the amount of $462, when Hanway Bros. gave their promissory note therefor to Thomas Bros., due November 6, 1887, and on the back of said note made and assigned at the time of its execution, the following agreement, viz. : 'We do hereby agree to pay the within note out of the money due us from the city of Ottawa for macadam.'

"7. On the 18th day of October, 1887, at 9 o'clock A. M., Thomas Bros. filed a notice in writing with the city clerk of their claim on said fund, as set forth in the answer of the city herein; and at 10 o'clock A. M. of the same day the plaintiff filed with said city clerk a copy of their said assignment.

"8. On the 17th day of October, 1887, Robert Atkinson, intervener, commenced an action before a justice of the peace of this county against Hanway Bros., to recover the amount of a promissory note held by him and made by them, and in said action caused a garnishee summons to issue against the city of Ottawa as a debtor of the Hanway Bros. This summons was served on the same day, and thereupon the mayor, on the 25th day of October, duly made answer thereto in writing, under oath, a copy whereof is attached to the answer or interplea of W. L. Service herein.

"9. In the carrying out of their said contract with the city Hanway Bros. employed a large number of laborers in the placing of said stone upon the street and preparing the said material, to whom on the completion of said work they owed for such labor amounts ranging from $4 to $295, aggregating $1,309.15. On October 18, 1887, said laborers severally commenced actions before a justice of the peace of this county to recover the amounts so due them, and therein garnishee summons was duly issued against the city, and due answers made thereto by the mayor. A copy of his said answer is attached to the interplea of W. L. Service herein — the answer being the same in each case. The action of said Atkinson was prosecuted to judgment before said justice, resulting in a recovery of

$300, debt, and $——, costs.  The said laborers also recovered judgments for the amounts so due them, with costs; none of said judgments have been paid.  On October 19, 1887, said Hanway Bros. duly made a voluntary assignment for the benefit of their creditors, under the provisions of the laws of this state upon that subject, and are insolvent; and the assignees of said Hanway Bros. answered in this action, claiming the whole of said fund.  The plaintiff by its action seeks to recover said fund of $1,461.24 under its assignment.  The city admits the amount to be due under the contract with Hanway Bros., but sets up the various assignments and garnishee proceedings against it; prays that all claimants to the fund may interplead, and their rights be determined.  Such interpleader having been made, the sole question before the court is upon the distribution of the said fund of $1,461.24.  That at the time of service of garnishee summons, and prior thereto, neither Robert Atkinson, W. L. Service nor any other of said creditors had any knowledge of the said assignment by Hanway Bros. to Thomas Bros. and to said plaintiff."

The trial court then found as a matter of law:

"1. To pay the costs of this action.

"2. To pay the claim of the intervener, Robert Atkinson.

"3. To pay the several laborers' claims set forth and stated in the ninth finding of fact."

At the October term, 1887, judgment was rendered in accordance with these legal conclusions.  The bank brings the case here, and claims that the trial court erred in its conclusions of law.

I. The fifth finding of fact states that the assignment by Hanway Bros. to the bank was made to secure the bank for the loan of a large sum of money made by the bank to them before that time, and that Hanway Bros. continued in the full and sole management and control of the work until its completion, the same as though the assignment had not been made. In view of this finding, which is amply supported by the action of both the bank and Hanway Bros., that the assignment was in fact intended only to embrace the money due or to become due on the contract, it is not necessary to pass upon the question as to whether the assignment is void, either from

want of power in the bank to take it, or by reason of a stockholder and cashier of the bank being a member of the city council. For the purposes of this opinion only, it may be safely assumed that if the bank took an assignment of the entire contract and undertook to complete the work, such assignment would be void for both the reasons urged; and yet we see no legal objection why Hanway Bros. could not assign the money due and to become due from the city on the contract, to pay the bank a *bona fide* existing indebtedness. And it is perfectly evident that this was all that was intended by the written instrument executed by Hanway Bros. to the bank.

II. It has been recently decided by this court in the case of *Switzer v. City of Wellington*, 40 Kas. 250, that "a city of the second class cannot be required to answer as garnishee, and is not liable under § 54a, chapter 81, Compiled Laws of 1879." Switzer sued Cronin, and recovered a judgment against him before a justice of the peace. He had a garnishee process served upon the mayor of the city of Wellington. The mayor answered under oath, that the city was indebted to Cronin in the sum of $45.88. The city failing to pay this amount, Switzer brought his action to recover it; and this court, basing its decision on considerations of public policy, says he cannot recover against the city. In this case the city answered under oath the various garnishee proceedings, admitting the indebtedness to Hanway Bros., but when this action is instituted by the bank, files its answer setting up these various assignments and garnishments, admits its indebtedness, and prays that all the claimants of the fund be brought into court and their respective rights to the fund be determined. The attitude of these parties to the city is the same as in the Switzer case. Each claimant to the fund has the right to contest the liens of all the others—not only their priority, but their legality. It cannot be permitted that a city of the second class shall waive considerations of public policy by answering garnishee process in favor of one party, and insist on the observance of these considerations by refusing to answer the attempted

garnishment of another party. The creditors take nothing by their various garnishee proceedings, and the first and third legal conclusions of the trial court are erroneous. The Thomas Bros. are not here asking a review of their branch of the case.

It is recommended that the judgment of the district court be reversed, and that a judgment be rendered in that court in favor of the plaintiff in error against the city, for the amount of the fund remaining after the costs are first paid.

By the Court: It is so ordered.

All the Justices concurring.