JAMES A. WADDELL, APPELLANT, VS. FRANCIS J. CUNNINGHAM, APPELLEE.

1. Irregularities apparent upon the face of the proceedings in a suit of attachment, not excepted to in *nisi prius* court, nor assigned for error in the appellate court, will not be considered on appeal.

2. The only way to bring before the appellate court the evidence of witnesses used in the trial court in proceedings at law, is by bill of exceptions, and that court cannot consider anything as evidence not contained therein.

3. On the trial of a motion to dissolve an attachment before the court without jury, the decision of the judge on the motion, in the absence of any evidence which the appellate court can consider, is presumed to be correct.

Appeal from the Circuit Court for Monroe county.

The facts of the case are stated in the opinion of the court.

*G. Browne Patterson* and *Fred. T. Myers* for Appellant.

No appearance for Appellee.

MABRY, J.:

This is a suit of attachment in garnishment instituted by James A. Waddell against Francis J. Cunningham, in the county of Monroe, Sixth Judicial Circuit of the State of Florida.

On the 11th day of August, 1887, plaintiff, Waddell, filed in the office of the clerk of the circuit court for Monroe county his affidavit for attachment, and alleges as causes therefor, that he knows, or has reason to believe, that defendant, Cunningham, will fraudulently part with his property before judgment can be recovered against him, and that said Cunningham resides beyond the limits of the State of Florida. At the time of filing plaintiff's affidavit, the clerk of the Circuit Court for Monroe county issued a writ of attachment directed to the sheriff of said county commanding him to attach and take into his custody so much of the goods and chattels, lands and tenements of Francis J. Cunningham as will be sufficient to satisfy the debt or demand of plaintiff. The return of the sheriff on the writ is as follows: "Came to hand this 11th day of August, and no property found belonging to Francis J. Cunningham."

On the 11th day of August, 1887, the same day the affidavit for attachment was filed and the writ issued, plaintiff, Waddell, filed in the Circuit Court clerk's office an affidavit, wherein it is stated that he "has commenced suit by attachment against Francis J. Cunningham in said court for $4,755.22. That said writ has been returned and no property found, and he does not believe the defendant will have in his possession visible property in this state and county upon which a levy could be made sufficient to satisfy such

judgment or execution which he believes he shall be able to obtain in the said suit; and that William D. Cash and the John White Bank of the City of Key West, said county and State, are indebted to the said Francis J. Cunningham, and have effects and property of the said Francis J. Cunningham in their hands and possession."

Upon filing the above affidavit writs of garnishment were issued, directed to William D. Cash and the John White Bank, and duly served by the sheriff of Monroe county.

No question was raised in the *nisi prius* court, nor is any error assigned in this court, as to the regularity or legality of the garnishment proceedings, and it is not deemed necessary to recite the further proceedings in this respect, except that it appears from the record both property of defendant and debts due him were attached in the hands of said garnishees.

On the 5th day of December, 1887, the defendant by his attorney moved the court to dissolve the attachment in this cause, and filed affidavit traversing the causes of attachment set forth in plaintiff's affidavit. The affidavit traversing the grounds of attachment was made by attorney for defendant.

The further action of the court in the premises as disclosed by the record is as follows: "And afterwards, to-wit, on the 11th day of April, A. D. 1888, at a term of the Circuit Court in and for the county

aforesaid, held at Key West, the issue on the motion and affidavit for dissolution of attachment came on for hearing before said court without jury, and the testimony ordered te be taken down in writing. The court after hearing the witnesses and testimony, and the argument of counsel on the motion and affidavit; decided in favor of the defendant and dissolved the attachment; and during the same term in open court on the 11th day of April, A. D., 1888, the said plaintiff tendered his exceptions as follows: On the 11th day of April, A. D. 1888, the above cause came on for hearing before the court on motion of defendant to dissolve the attachment, and on issues in the affidavit of plaintiff and defendant, and the said Judge, the said parties having concluded and submitted their testimony and the several matters aforesaid, and then and there decided in favor of defendant and dissolved the attachment. Whereupon the attorney for the plaintiff did then and there except as follows : the plaintiff by his attorney excepts to the decision of the court. Signed, sealed and made a part of the record this 11th day of April, 1888.

H. L. MITCHELL, Judge, &c.''

On the 26th day of April, 1888, in open court and during the said term, plaintiff enters his appeal from the said decision of the Judge to the next term of this court.

The errors assigned in this court are: First, the de-

cision of the court is contrary to the evidence, and is therefore erroneous; second, the judgment of the court in dissolving the attachment is erroneous.

The only question raised by appellant in the record for this court to consider is the correction of the decision of the court on the motion to dissolve the attachment. The record discloses irregularities in the proceedings in this cause up to the hearing of the motion to dissolve the attachment, but no exceptions were taken to them in the *nisi prius* court either by plaintiff or defendant. The irregularities committed by appellant, if any were committed, should not avail him in this court, and the errors of defendant, if there are any, have not been excepted to by plaintiff.

The case will be considered on the issue presented in the record: was the decision of the Judge, on motion to dissolve the attachment, correct? The issue was tried before the court without a jury. The errors assigned are in substance the same. Does the testimony sustain the decision of the court?

What is copied in the record as the evidence introduced on the trial of this issue cannot be considered by this court, for the reason that it is not properly here by bill of exceptions. The bill of exceptions signed by the Judge must embody the evidence used on the trial, and the rule is well settled in actions at law that the evidence used at *nisi prius* can only be placed before the appellate court by bill of exceptions.

31

Fash vs. Clark & Ferris, 8 Fla., 16; Gallaher vs. State, 17 Fla., 370; Burroughs vs. State, Ibid, 643. The bill of exceptions in this case is silent as to what testimony was used on the trial of the issue before the court. There being no evidence before this court which it can consider in determining the correctness of the Judge's decision on the issue before him, the presumption is that the court correctly decided the issue. The judnment is therefore affirmed.