DUVAL COUNTY, PLAINTIFF IN ERROR, VS. THE CHARLES-
TON LUMBER AND MANUFACTURING COMPANY, DEFEND-
ANT IN ERROR.

Section 1066 Revised Statutes as amended by Chapter 4136, laws
of Florida, which provides, "every person who shall have
brought a suit in any court of this State against any person,
natural or corporate, shall have a right to a writ of
garnishment under the circumstances and in the manner
hereinafter provided, to subject any indebtedness due to
the defendant by a third person, and any goods, moneys,
chattels or effects of the defendant in the hands, posses-
sion or control of a third person. The officers, agents
and employes of any companies or corporations shall be,
as regards such companies or corporations, third persons,
and as such shall be subject to garnishment after judg-
ment against such companies or corporations," does not
authorize a writ of garnishment against a county, and
where such writ has been issued and judgment entered
against a county, the judgment is void. (CARTER, J.,
dissents.)

This case was decided by the court In Banc.

Writ of error to the Circuit Court from Duval County.

The facts in the case are stated in the opinion of the
court.

*Geo. U. Walker*, for Plaintiff in Error;

*Fleming & Fleming*, for Defendant in Error.

HOCKER, J.

Duval County v. The Charleston Lumber Co.—Opinion of Court.

This cause was taken up and considered by Division B, and there being a difference of opinion among the members thereof, the cause was referred to the court in 'banc. for decision.

On July 6th, 1896, The Charleston Lumber and Manufacturing Company filed its declaration in assumpsit against S. S. Leonard. A final judgment by default was entered against Leonard for $504.49 damages and costs $3.43.

On September 13th, 1897, the Charleston Lumber and Manufacturing Company filed the affidavit of its attorney, F. P. Fleming, Jr., as a basis for garnishment, alleging a balance of $200 to be due, and a praecipe for garnishment to be directed to Duval County.

A writ of garnishment was issued and duly served upon the chairman of the board of county commissioners of said county, September 15th, 1897.

On November 1st, 1897, default in said garnishment proceedings was entered by the clerk against the County of Duval for want of appearance or answer.

On November 5th, 1897, the clerk issued a writ of *scire facias* to said garnishee notifying it that in the suit of the Charleston Lumber and Manufacturing Company against S. S. Leonard default had been entered against it as garnishee, and warning it to show cause December 6th, 1897, why final judgment should not be entered upon said default, which writ was duly served on Duval county on the same day.

On December 6th, 1897, judgment was rendered by the court and entered by the clerk wherein and whereby the foregoing facts were recited and a final judgment entered against Duval county as garnishee in the sum of $200.

On May 6th, 1898, a writ of error from this court to

16 S. C.

the Circuit Court of Duval county was sued out returnable to the June term, 1898, of this court. The only error assigned is that the county of Duval is not subject to be garnisheed, as was done in this cause, and prays the reversal and annulment of said judgment.

Two questions are presented in the briefs of the respective parties, first, whether under the law of Florida a county is liable to be garnisheed; second, whether in this case, the county of Duval having permitted a default against itself, for want of appearance and answer, can in this court, for the first time, challenge the judgment entered against it, and from which it appeals.

Section 1066 of the Revised Statutes as amended by Chapter 4136, laws of 1893, provides: "Every person who shall have brought a suit in any court of this State against any person, natural or corporate, shall have a right to a writ of garnishment under the circumstances and in the manner hereinafter provided, to subject any in debtednesss due to the defendant by a third person, and any goods, moneys, chattles or effects of the defendant in the hands, possession or control of a third person. The officers, agents and employes of any companies or corporations shall be, as regards such companies or corporations, third persons, and as such shall be subject to garnishment, after judgment against such companies or corporations."

Section 1, Chapter 1, Title 1, First Division of the Revised Statutes, provides: "In determining the meaning of these Revised Statutes * * * the word 'person' may extend to and be applied to a corporation."

In the case of Martin v. Townsend, 32 Fla. 318, 13 South. Rep. 887, in determining the mode in which a deed should be executed by county commissioners, this court used this language: "Boards of county commissioners

are *quasi* corporations, and their official duties and *powers* partake more of the characteristics of corporate *acts* and powers than those of mere *trustees.*" This language is to be understood in its relation to the matter in hand, which was the mode in which a deed should be executed by a board of county commissioners. In classifying corporations they are generally divided into public and private corporations . Says Beach on Public Corporations, Vol. 1, Sec. 2: "the difference between strictly private, and strictly public, corporations is obvious and radical— the former being formed by the voluntary action of the corporation between whom there exists a contract whereby each subjects his interest, with certain restrictions, to the control of the corporate management for the accomplishment of the end for which the company was formed, and the latter not being in the same sense voluntary associations and no contract existing between the members." Again, in section 3, *ibid.,* public corporations "are subdivided into municipal and public *quasi* corporations. Municipal corporations embrace incorporated cities, villages and towns which are full fledged corporations with all the powers, duties and liabilities incident to such a status, while public *quasi*-corporations possess only a portion of the powers, duties and liabilities of corporations. As an instance of the latter class may be mentioned *counties,* townships, overseers of the poor, school districts and road districts."

In section 4, ibid., this author further discusses the generic differences between municipal and *quasi*-public corporations, but in the latter part of section 5 he says: "as popularly and lossely used, the term municipal corporation frequently includes public *quasi*-corporations such as counties, school districts," etc. It will be observed that in some of the cases hereinafter referred to the term

"municipal corporation" is used as embracing counties, and so far as the points here under consideration are concerned, they apply the same principles of law to cities and counties.

It is stated in the text books that by the weight of authority municipal corporations (including therein counties) are not subject to garnishee-process, unless the right to so subject them is conferred by clearly expressed legislation. 2 Beach on Public Corporations, Sections 1654 and 1655; 1 Dillon on Municipal Corporations, Sec. 101 and note 1; Drake on Attachment, Sec. 516. There is, however, a conflict of authority on this question as will be seen from the foregoing authorities. The decisions on this question are very numerous, and a critical examination of each one of them would lead to great prolixity. The majority of the cases cited by Drake are against the right of garnishment. Of those cited by him in favor of the right, the cases of Whidden v. Town of Portsmouth, 5 N. H 13, is based on a statute which provides "that when any corporation or *body politic* within this State shall be possessed of any money, goods, etc., of any debtor, such corporation or *body politic* may be summoned as trustee of such debtor, etc., etc."

In Connecticut it is held that the word *corporation* embraced *towns,* and subjected them to garnishment process. Bray v. Town of Wallingford, 20 Conn. 416. In the case Adams v. Tyler, Trustee, 121 Mass. 380, it is held that a county is chargeable with trustee process, inasmuch as the statute makes a county a corporation for the purpose, among others, of suing and being sued, making contracts, etc., and inasmuch as the legislature had indicated its intent that counties should be subject to garnishee process by eliminating from the statute an exception

in their favor as regards such process.  In the case of
Wales & Son. v. City of Mascatine, 4 Iowa, 302 the lia-
bility of the town to garinshment is based on the theo-
ry that the word "corporation" in the statute embraces
towns and no distinction is made between public and pri-
vate corporations.  In City of Laredo v. Nalle, 65 Texas,
359, it was held that inasmuch as there was no statute
exempting municipal corporations from garnishment pro-
cess, the defendant was liable, taking into consideration
the character of the debt garnisheed, it not being a salary.
In Kentucky it seems the salaries of State officers can not
be guarnisheed, because the State can not be sued, and a
garnishment proceeding is a suit.  But the salaries of
city officers can be guarnisheed because cities can be
sued.  Rodman v. Musselman, 12 Bush, 354.  In Water-
berry v. Commissioners of Deer Lodge County, 10 Mon.
515, 20 Pac. Rep. 1002, it was held that counties are sub-
ject to garnishment process because the statute makes
all *persons* having in possession or under their control
any credits or personal property, etc., of a defendant lia-
ble to garnishment process, and that the word person
may be applied to bodies "politic and corporate," and that
counties are bodies "politic and corporate."  As sustain-
ing the doctrine that a county or municipal corporation
can not be garnisheed unless the process is plainly au-
thorized by statute, the following cases are cited:  Mayor,
Alderman, &c. of Mobile v. Rowland & Co., 26 Ala. 298;
Skelly v. Westminster School Dist. of Orange Co.,103 Cal.
652, 37 Pac. Rep. 643; Holt v. Experience, 26 Ga. 113;
McClellan v. Young, 54 Ga. 399; First National Bank of
Ottawa v. City of Ottawa, 43 Kan. 294, 23 Pac. Rep. 485;
Switzer v. City of Wellington, 40 Kan. 250, 19 Pac. Rep.
620; Mayor, etc. of Baltimore v. Root, 8 Md. 95, S. C. 63

Am. Dec. 692; Merwin v. City of Chicago, Garnishee, 45 Ill. 133; Wallace v. Lawyer, 54 Ind. 501; McDougal v. Board of Supervisors of Hennepin Co., 4 Minn. 184; Dollman v. Moore, 70 Miss. 267, 12 South. Rep. 23; Hawthorn v. City of St. Louis, 11 Mo. 59; People ex rel. Spaun v. Mayor of Omaha, 2 Neb. 166; State ex rel. Crawford v. Eberly, 12 Neb .616, 12 N. W .Rep. 96; City of Memphis v. Laski, 9 Heisk. 511; Chamberlain v. Watters, 10 Utah, 298, 37 Pac. Rep. 566; Van Cott v. Pratt, 11 Utah, 209, 39 Pac. Rep. 827; Merrell v. Campbell, 49 Wis. 535, 5 N. W. Rep. 912; Stermer v. Board of Commissioners of La-Plata Co., 3 Col. App. 379, 38 Pac. Rep. 839; Board of County Commissioners of Mesa County v. Brown, 6 Col. App. 43, 39 Pac. Rep. 989; Porter & Blair Hardware Co. v. Perdue, 105 Ala. 293, 16 South. Rep. 713; State ex rel. Summerfield v. Tyler, 14 Wash. 495, 45 Pac. Rep. 31, S. C. 37 L. R. A. 207 and note. Several of the foregoing cases hold that statutes authorizing garnishment proceedings against corporations do not apply to *public,* but only to *private,* corporations. The reasoning of these authorities is summarized in that of the court in McDougal v. Board of Supervisors of Hennepin Co., *supra.* "The garnishment laws which authorize corporations to be proceeded against as garnishees in the same manner and with like effect as individuals, applies only to private corporations, and were not designed to include municipal corporations charged with the interests of the public. Counties are public corporations and their officers are public officers. The varied relations which such bodies through their officers hold towards individuals as their debtors, would render them liable to be constantly attacked with such process, and would very materially embarrass them in the performance of their duties. If they are sub-

ject to such suits, they are bound to give them the same attention which is required of individuals, and this would involve them in attendance upon distant courts, and absence from their respective offices." It might be added that it would also subject them to the payment of attorneys' fees and in some instances costs. It can readily be seen that in large counties where the public interests required the employment of a considerable number of persons, a liability to garnishment would be highly injurious to the public interests. Public corporations such as counties are created for the care and promotion of public interests, and should not from motives of public policy be subjected to the liability of becoming involved in the disputes of private persons, or be made the instrumentalities for collecting private debts. Admitting that the word "person" used in the garnishment statute (Chap. 4136, laws of 1893) "may extend to and be applied to a corporation," as provided in section 1, Chap. 1, Title 1, First Division of the Revised Statutes, yet under the authority of the decisions cited, it can not be held to include public *quasi*-corporations such as counties. Our conclusion is that a county is not liable to the process of garnishment.

The next and only other question to be determined is whether by failing to appear or answer the garnishment process and permitting a default judgment against itself it waived the right to contest in this court the judgment appealed from.

The defendant in error contends that the exemption from garnishment proceedings claimed by the plaintiff in error, can not be raised for the first time in this court. In support of this view the following Florida cases are cited: Parker v. Henry, 8 Fla. 53; Sammis v. L'Engle, 19 Fla. 800; Peck v. Spencer, 26 Fla. 23, 7 South. Rep.

642[1];Livingston v. Spencer, 26 Fla. 325, 8 South. Rep. 442; Jacksonville & A. R. Co. v. Woodworth, 26 Fla. 368, 8 South. Rep. 177; Waddell v. Cunningham, 27 Fla. 477, 8 South. Rep. 643; Logan v. Slade, 28 Fla. 699, 10 South. Rep. 25. In all of these cases the parties were before the courts have jurisdiction of a garinshment against a county, tempted to be raised in this court of a jurisdictional nature. Moreover, none of these cases involved a garnishment proceeding.

It is generally held in this country that garnishment is a purely statutory proceeding and can not be pushed in its operation beyond the statutory authority under which it is resorted to. Drake on Attachment, Sec. 451 (a) ; Ency. Pl. & Pr. Vol. 9, p. 809. In Mississippi, a county, if its board of supervisors object, can not be guarnisheed either at law or in equity. If the county does not object to the garnishment, the debtor can not. It is held that the courts have jurisdiction of a garnishment against a county, but must sustain an objection made by the board of supervisors, the board being the judge whether or not the proceeding will restrict the performance of its public functions. McBain v. Rodgers, 29 South. Rep. 91; Dollar v. Allen-West Commission Co., 78 Miss. 274, 28 South. Rep. 876; Dollman v. Moore, 70 Miss. 267, 12 South. Rep. 23. In Board of County Commissioners of Las Anamas Co. v. Bond, 3 Col. 411, the court decided that generally and upon considerations of public policy a municipal corporation is not subject to garnishment. The exemption may, however, be waived by *appearance* and *submission* to liability. "Here the judgment expressly recites that no one appeared on behalf of the board of county commissioners; *whether process was served on the board or not is unimportant. If it did not appear* and *waive* the ex-

Duval County v. The Charleston Lumber Co.—Opinion of Court.

*emption no valid judgment could be given."* In the case of Van Cott v. Pratt, 11 Utah, 209, 39 Pac. Rep. 827, it was held that Salt Lake City, a municipality, could not by ordinance waive the exemption from liability to garnishment process. The same doctrine is announced in Porter & Blair Hardware Co. v. Perdue, 105 Ala. 293, 16 South. Rep. 713. In State *ex rel.* Summerfield v. Tyler, 14 Wash. 495, 45 Pac. Rep. 31, S. C. 37 L. R. A. 207, the court holds that a county is not liable to garnishment unless made so by express statutory provision; that a statute naming corporations among those subject to garnishment does not apply to a county, and that a judgment against a county as garnishee defendant, when the statutes do not make a county subject to garnishment process, is void on collateral attack. The court says: "If the *pro cess served* upon the county was one which was not authorized by the statute, no rights could be obtained by such *service*. If it commanded the county to do that which under the statute it had no right to do, it was without force."

The contention by defendant in error that because a county can be sued it is, therefore, liable to garnishment, is met in several of the cases which have been cited, and especially in the last one, and the holding is adverse to the contention in all of them except one or two. In our view by the great weight of authority, and upon principles of public policy, a county is not in this State subject to garnishee process, and no valid judgment can be rendered against it in such a proceeding.

The judgment of the Circuit Court is reversed.

CARTER, J., *dissenting.*

On August 22, 1896, defendant in error obtained judgment in the Circuit Court of Duval county against S. S. Leonard for $504.49, and on September 13, 1897, after complying with the requirements of the garnishment statutes, caused to be issued and served upon the county of Duval a writ of garnishment alleging in the affidavit therefor that $200 remained due on the judgment. The county failed to appear, in consequence of which a default was entered, and thereafter a *scire facias* was duly issued to it and served as required by the statute. Thereafter, on December 6, 1897, the county having failed to show cause as required by the *scire facias,* the court rendered judgment against it in the sum of $200. From such judgment the county sued out this writ of error on May 6, 1898. The only error assigned is "that the said county is not subject to be garnisheed as was done in said cause." It is conceded in the brief that the judgment is valid and binding, unless the law is that "a county—quasi a municipal corporation—is not liable to garnishment." This proposition is the only one argued or insisted upon for reversal of the judgment.

The writ of garnishment has, from the earliest period of the territorial history of this State, been authorized by statutes enacted from time to time, to subject indebtedness due defendants by other persons, and goods, moneys, chattles or effects of such defendants in the hands of such persons, to the payment of judgments against them, upon application of judgment creditors. See acts of 1822, p. 14; Duval's Comp. Sec. 17 p. 11; Thompson's Dig. p. 371. In 1845 the remedy was extended to plaintiffs in attachment even before judgment obtained, Section 12 p. 550,

McClellan's Dig., and in 1861 it was extended to every plaintiff in every suit before as well as after judgment obtained. Section 14 p. 551 Idem. By Chap. 3738, laws of 1887, the remedy was extended so as to reach money and property of railroad companies in the hands of their officers, employes or agents. By Chap. 4136, acts of 1893, the remedy was further extended so as to authorize garnishments to issue to officers, agents and employes of "any companies or corporations" after judgment against them. By Chap. 4973, acts of 1901, the writ is authorized to subject to decrees for alimony "all moneys or other things due to any person or public officer, State or county," whether the money or other thing is due for the salary, personal labor or service of such person or otherwise. The act of 1845, Chapter 43 section 1, authorized the writ of garnishment to issue against "any person or persons other than the defendant" who were indebted to or who had any of the effects or property of defendant "in his, her or their hands or possession or control." This act became the basis of section 1666 Rev. Stats., which both before and after it was amended by Chap. 4136, acts of 1893, provides that "every person who shall have brought a suit in any court of this State against any person, natural or corporate, shall have the right to a writ of garnishment under the circumstances and in the manner hereinafter provided to subject any indebtedness due to the defendant by a third person and any goods, chattels, money, effects or credits of the defendant in the hands, possession or control of a third person." I refer to these various statutes to show that the legislature has steadily extended the remedy by garnishment, and as they are remedial statutes they ought to be interpreted so as to

carry out the evident purpose of the legislature which was
to extend to creditors complete remedies for subjecting to
their demands every species of the property of their debt-
ors liable for debt. The only statutory exemption from
garnishment or statutory prohibition of its employment
is that found in section 2008 Rev. Stats., compiled from
Chap. 2065, acts of 1875, to the effect that no writ of gar-
nishment shall issue to attach or delay payment of any
money or other thing due to any person who is the head
of a family, when the money or thing is due for the per-
sonal labor or services of such person.

Counties are and have been from the earliest period
recognized as political subdivisions of the State. The
present constitution recognizes and provides for such po-
litical subdivisions, and provides for county commission-
ers and other officials of the several counties. By Chap.
1882, laws of 1872, it was provided that the county com-
missioners should "represent the county in the prosecu-
tion and defense of all legal causes." Sec. 578 Rev. Stats.
It may be conceded that this statute did not extend to
counties the writ of garnishment theretofore provided for,
but in 1881 another act was passed which, as subse-
quently incorporated into the Rev. Stats., provides that
"the county commissioners of the several counties shall
sue and be sued in the name of the county of which they
are commissioners." It further provides that a change
in the persons composing the board shall not abate the
suit, but that it may be proceeded with as if such change
had not taken place. While this legislation may not con-
stitute them corporations strictly speaking—it does rec-
ognize them as distinct entities capable of suing and of
being sued in like manner as corporations. The word

"person" in the garnishment laws does not mean natural persons only, but evidently embraces artificial entities who are by law capable of suing or being sued, and of contracting indebtedness or of holding property belonging to another. And I take it that this was so before the rule of interpretation that the word "person" may be construed to mean "corporation", which exists independently of legislation, was incorporated into section 1 of the Rev. Stats. Portsmouth Gas Co. v. Sanford, 97 Va. 124, S. C. 45 L. R. A. 246. Now, garnishment is a suit, counties are capable of suing or being sued, and of owing debts, and perhaps of holding possession of the "property, money or effects" of others. They are, therefore, "persons" or "corporations" within the meaning of the garnishment laws, unless some good reason exists for excluding them. Nearly, if not all, of the authorities which hold that counties and municipal corporations can not be garnished admit that under legislation like ours, the language of the statutes is broad enough to cover them, but that by reason of public policy the general language will be restrained so as not to embrace them. If, therefore, there exists in this State no public policy forbidding the garnishment of a municipal corporation or county, the courts are not justified in writing an exception into the statute, and if there is a public policy, the exception ought logically to extend no further than that public policy requires it to be extended. Respectable courts have differed as to the existence in particular States of a public policy that would require them to exempt from the general language of garnishment statutes municipal corporations or counties. Those which admit such a public policy do not agree upon its extent—some holding that it requires a complete ex-

emption, others that it applies only to exempt cases where the writ will cause embarrassment to the municipality or county in the performance of its governmental functions, or to its officers in such performance. It must not be forgotten that the exemption of such municipalities or counties from garnishment necessarily exempts the funds or property in their hands from the debts so long as it remains due from or in the hands of such municipalities. A party may under such a rule be the creditor of a county for thousands of dollars, by purchasing indebtedness against it or becoming its creditor by investing in its securities or otherwise, and this indebtedness is effectually shielded from the grasp of his creditors by reason of their inability to sue, and even though it largely exceeds the sum which the constitution exempts from his debts, leaving the creditor absolutely powerless to subject the excess. If there is a public policy in allowing this injustice, when to require the county to pay the money to the creditor under garnishment proceedings will not interfere in the slightest with its government functions, I am unable to see it. The counties of this State owe thousands of dollars, evidenced by warrants, fines and forfeiture scrip, bonds and other evidences of debt. Duval, Hillsborough, Dade and other counties have hundreds of thousands of dollars in bonds issued to secure money for various purposes, and to say that owners of these bonds hold them exempt from their debts is a proposition shocking to our sense of justice, and yet such must be so if the county is exempt from the process of the courts which would require them to pay the proceeds over to a creditor of their creditor. Judge Dillon in his work on Municipal Corportions, vol. 1, Sec. 101, says that on principle, a municipal corporation is exempt from liability to garnishment *with*

*respect to its revenues and the salaries of its officers,* but that where it owes an ordinary debt to a third person the mere inconvenience of having to answer as garnishee furnishes no sufficient reason for withdrawing it from the reach of the remedies which the law gives to creditors of natural persons and of private corporations. His view is concurred in by the Supreme Courts of Texas and New Jersey, and is quoted with approval in Virginia in opinions that are forcible and convincing. City of Laredo v. Nalle, 65 Tex. 359; Mayor, &c. of Jersey City v. Horton, 38 N. J. L. 89; Portsmouth Gas Co. v. Sanford, *supra.* See, also, the opinion of Mr. Waples in his work on Attachment & Garnishment (2nd ed.), Sec. 430, and of Mr. Wade in his work on Attachment, vol. 2, Sec. 345. The public policy theory has also been repudiated either wholly or partly in Iowa, New Hampshire, Montana, Kentucky, Connecticut, Ohio and Rhode Island. Wales v. City of Muscatine, 4 Iowa, 302; Whidden v. Drake, 5 N. H. 13; Waterbury v. Commissioners of Deer Lodge County, 10 Mont. 515, 26 Pac. Rep. 1002; Rodman v. Musselman, 12 Bush, 354; Bray v. Town of Wallingford, 20 Conn. 416; City of Newark v. Funk, 15 Ohio St., 462; Wilson v. Lewis, 10 R. I. 285. See, also, Adams v. Tyler, 121 Mass. 380. The first four cases cited discuss the question of public policy very fully. The most of the authorities supposed to sustain the opposite doctrine are referred to in the majority opinion. In many if not most of those cases the effect was to subject to the process of garnishment wages or salaries due to the officers of the municipality, and while the arguments of the courts in deciding them are very broad, the facts of the cases bring them within Judge Dillon's rule, and in others the facts showed

that to permit the garnishment would embarrass the municipality in its governmental functions, and therefore cases where public policy does not demand that they be fall strictly within the rule that private interests must not be permitted to interfere with those of the public. The reasons stated for these decisions are not uniformly the same, and in some of the States, where it is held that municipalities can not be garnisheed, it is held that this exemption is a privilege which can be waived. This can not logically be true if it be conceded that the garnishment statutes do not include municipal corporations, as is held in some cases. We ought to be sure that there is a public policy *in Florida* that forbids garnishment proceedings against municipalities under any and all circumstances, before we deny to creditors the remedies afforded by our statutes to subject to their demands the property of or debts due to their debtors. It is one of the prime purposes of government to furnish remedies whereby to compel every member of society to render unto every other member that which is due, and unless in so doing the public interests will be injuriously affected, this public policy is paramount to considerations of mere convenience. Where, as in many States, municipalities are limited as to debts they may contract, to those matters wherein a garnishment of such debt would interfere with their governmental functions, or where the power given to sue them is limited, there is much reason for holding that garnishment should not lie against them, but where, as in this State, the power to sue them is general, and the powers to create debts are broad enough to embrace debts, the garnishment of which will not interfere with their governmental functions, I can see no reason why

their liability to garnishment shall be altogether denied by the courts. It is more just to hold them liable in all cases where public policy does not demand that they be exempt. If their creditors should assign their demands against them to other persons, the municipality will be compelled to pay same to the assignee. The garnishing creditor stands in the place of an assignee, the only difference being that the assignment in his case is one forced by the law, instead of being a voluntary assignment by the debtor.

The rule I contend for is this: that the statutes of this State authorize counties and municipal corporations to be sued in garnishment, but that this general authority to sue does not repeal the rule of public policy which forbids it in case such garnishment will embarrass them in their governmental functions. This principle is expressly ruled in Lewis v. City of Denver, 9 Colo. App. 328, 48 Pac. Rep. 317, and Troy Laundry & Machinery Co. v. City of Denver, 11 Colo. App. 368. 53 Pac. Rep. 256, wherein it was held that although the statute expressly authorized municipal corporations to be garnisheed, yet that this statute would not be held to authorize garnishment of the salary of a municipal officer because public policy forbade it. I think it finds support also in the decisions of this court in Post v. Love, 19 Fla. 634, and Crescent Ins. Co. of New Orleans v. Bear. 23 Fla. 50, 1 South. Rep. 318. In those cases it was held that garnishment does not lie against an executor during the progress of the administration of an estate to reach a legacy bequeathed to a debtor, and that a debt due a partnership can not be garnished by a creditor of one of the parties, although the statute authorizes the writ to issue against "any person

S. C 17

or persons," which clearly embraces executors and persons indebted to partnerships. Although our statute by the use of the term "third person" would embrace persons who act as receivers, clerks of the court, sheriffs or other officers holding money in a fiduciary capacity, yet many courts hold and probably this court would hold that no recovery could be had in garnishment against them, not because such receiver, clerk or sheriff is not a "person," but because public policy forbids it. They are not exempt from suit because not embraced in the garnishment statutes, but no recovery can be had against them on grounds of public policy if the facts are made to appear.

In the present case the county made no defense. It does not affirmatively appear upon the fact of the record that the debt sought to be garnished was one which was exempt from garnishment upon grounds of public policy, and the default admits that it was not. I think, therefore, that the judgment ought to be affirmed. I regard the principle decided in this case as an important one, and sufficiently broad to exempt cities and towns from garnishment, and to declare absolutely void any judgment against municipal corporations in garnishment proceedings, because the courts have no jurisdiction to render them. Because of its importance and the great hardship upon creditors of withdrawing from the grasp of process in their favor all debts due by cities, towns and counties, of whatever nature, I have thought best to express my views at length.

In my opinion the judgment ought to be affirmed.